# Blankenship's Administrator *v.* Nimmo's Administrator.

### *Insolvent Estate; Contest as to Creditor's Claim.*

1. *Consideration of note.* — Where two of the three sureties on the official bond of a deceased guardian were about to remove from the State, while proceedings were pending against his administrator to compel a settlement of his guardianship, and the third surety was threatening to prevent the removal of their property; and thereupon, by agreement between the three sureties and the succeeding guardian, each of the sureties executed his promissory note, with sureties, for one third of the estimated liability of the deceased guardian, payable to the succeeding guardian individually, who was to collect the notes, and apply the proceeds to the satisfaction of the deceased guardian's liability; with the further agreement, that the notes were to be reduced, if found to be in excess of the guardian's liability when ascertained, and, if less, the three sureties were to remain jointly liable for the residue, — *held*, that the notes were supported by a sufficient consideration, on proof that the two sureties, in pursuance of the agreement, were allowed to remove their property without molestation, that the liability of the deceased guardian was ascertained to be greater than the amount of the three notes, and that his estate was insolvent.

2. *Who may file claim.* — A promissory note, payable to a guardian individually, and taken by him to secure a debt due to the estates of his several wards, may be filed by his administrator, as a claim against the insolvent estate of one of the makers, although it is shown that he is also the administrator of one of the deceased wards, and that the note came to his hands as assets of said ward's estate; and a decree in his favor, in either capacity, will equally protect the debtor's estate.

3. *Trial of contested claim.* — When a claim filed against an insolvent estate is contested, if neither party demands a trial by jury (Rev. Code, § 2203), the court may try the contest without a jury.

APPEAL from the Probate Court of Madison.

In the matter of the insolvent estate of Willis Blankenship, deceased, against which a claim was filed by Larken A. Wortham, as the administrator of James P. Nimmo, deceased, which was contested by the appellant, as the administrator of said insolvent estate. The allowance of the claim, and the trial of the contest by the court without the intervention of a jury, are the matters here assigned as error. The material facts are stated in the opinion of the court.

LEWIS & BRANDON, with D. D. SHELBY, for appellant.

R. C. BRICKELL, *contra.*

B. F. SAFFOLD, J. — Wortham, as the administrator of Nimmo, filed, as a claim against the insolvent estate of Blankenship, of which Taylor was the administrator, a promissory note made by Blankenship, L. H. Jones, and J. M. Humphrey, payable to Nimmo. He verified it in the usual form, stating that he held it as the administrator of Nimmo. Objections were made to it, and issues were tendered by a complaint and plea as in a civil suit at law upon the note. The defences were: 1st, the general issue; 2d, the note was not assets of the estate of Nimmo; 3d, want of consideration; 4th, that the note was void because of an indorsement upon it by the principal, L. H. Jones, as follows: "It is agreed that the interest shall compound on this note until discharged — to take effect from the date of maturity;" 5th, that it was not filed in due time by any person having an interest therein, nor verified by the oath of the claimant or some other person who knew the correctness of the claim.

The court allowed the claim on the following statement, in substance, of the facts. William H. Jones was guardian of William E., Margaret B., and Elizabeth A. Hughes, children of Saml. Hughes. Brandon, L. H. Jones, and D. B. Turner were his sureties. Nimmo married Elizabeth, and became guardian of Margaret and William. Proceedings were pending in the probate court against the administrator of the guardian, Jones, who had died, to compel a settlement of the guardianship, and Turner was threatening to proceed against the property of his co-sureties, who were intending to remove from the State. Under these circumstances, Nimmo agreed with the said sureties of William H. Jones, that each of them should execute his note with security for one third of the amount supposed to be the liability of their principal, payable to Nimmo individually, who was to collect the money and apply it to the liability of the guardian, Jones. The notes, if in excess of the liability, when ascertained, were to be proportionally reduced; but, if deficient in amount, the sureties were to remain jointly responsible for the balance. The note in controversy is one of the three that were executed under this agreement, and the liability of the guardian, Jones, was afterwards ascertained to be in favor of Nimmo's wife, $1,510.70, in favor of Margaret, $2,399.85, and in favor of William, $14,903.60. The decrees for these amounts were certified as claims against the insolvent estate of the guardian, Jones, and no part of them has been paid out of that estate.

On the subsequent appointment of Hammond as guardian of William Hughes, at the minor's selection, Nimmo made a final

settlement of his guardianship. Decrees were rendered against him in favor of each of his wards, which do not appear to have been satisfied. The appellee, Wortham, received the note in question as administrator of William Hughes, to whom Hammond gave it on settlement of his guardianship.

It is needless to repeat that, in the probate court, on a contest about the allowance of a claim against an insolvent estate, the pleading is only such assertion and denial of facts as will enable the court to determine from the evidence whether the estate is liable to the claimant for all or a part of the claim duly filed and verified. There can be no doubt that the note is a proper charge against the estate of Blankenship in favor of some one. If his principal, L. H. Jones, secured his removal from the State without molestation by the attachment of his property, it was a sufficient consideration to support the note against the surety. Whether the administrator of Nimmo, or the administrator of William Hughes, has the better right to the note, is not involved in this case. Nimmo held it as guardian and trustee for the Hughes children, and he has not been discharged from the fiduciary liability. If it was rightfully transferred from him to William Hughes, the same person is administrator of their respective estates, and is a party in this proceeding, and must therefore account to the rightful owner for such collection as he may make. The debtor may plead the adjudication against any further attempt to coerce payment. If it was not rightfully transferred, then Nimmo's administrator has such an interest as to entitle him to recover, as well as the legal title.

There was no error in trying the cause without a jury. Section 2203 of the Revised Code, in directing the mode of trial, says, " in which issue the correctness of such claim must be tried as in an action of law against an administrator, *if required.*" The judges of probate have authority to cause jurors to be empanelled and sworn in any matter of fact pending before them, in which the right to a jury trial is given by law. R. C. 796, cl. 4. The court cannot, *ex mero motu*, submit a motion of this sort to a jury. The requisition must be made by one of the parties. It was not done in this case.

The decree is affirmed.

BRICKELL, J., not sitting, having been of counsel.