# Montgomery & Florida Railway Co. v. McKenzie.

# Southern Railway Construction & Land Co. v. McKenzie.

*Bill in Equity by Creditors of Insolvent Corporation, for Discovery of Assets.*

1. *Right of trial by jury, under constitutional provisions.*—The constitutional provision which declares that "the right of trial by jury shall remain inviolate" (Art. I, § 12), has reference to a jury of twelve men, as constituted at common law, and embraces all legal claims and demands which have in them no element of equitable cognizance; but it does not extend to cases of which the Chancery Court in England had original jurisdiction, altho gh some question purely legal might be involved, which the court would decide as incidental to the main suit; nor does it extend to new rights created by statute, and which were unknown to the common law; yet, while new tribunals may be created without common-law powers, and may be authorized to proceed without a jury, a mere change in the forms of action will not justify the submission of common-law rights to a tribunal in which no jury is allowed as matter of right.

2. *Same; discovery in equity, at suit of creditor without lien.*—The statute which authorizes creditors by simple contract only, without a lien, to file a bill in equity for the discovery of assets, being an amendment of the former statute which allowed them to file a bill to set aside a fraudulent conveyance by their debtor (Code, 1886, § 3545; Code, 1876, § 3887), is not violative of the constitutional guaranty of the right of trial by jury; but it is suggested, that the question of indebtedness *vel non,* and its amount, if any, should be submitted to a jury.

3. *Parties to bill; who may join as complainants.*—Two or more judgment creditors, with executions returned "No property found," may join as complainants in a bill for the discovery of assets (Code, § 3546); but the statute does not allow creditors without a lien, or creditors by simple contract only, thus to unite, though each may sue separately.

FROM the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

These two cases were argued and submitted together, involving the same legal questions, and substantially the same facts. The bill in each case was filed on the 26th

[Montgomery & Florida Railway Co. v. McKenzie.]

April, 1888; in one case, by B. B. McKenzie, against the Montgomery & Florida Railway Company; and in the other, by said McKenzie and others, against the Southern Railway Construction & Land Company, a private corporation organized under the general statutes. The complainants in each case claimed to be creditors at large of the defendant corporation, alleged its insolvency, and prayed a discovery of its assets. In each case there was a demurrer to the bill, assigning several special grounds of demurrer; the principal grounds being, that the complainants are not judgment creditors, and have not exhausted their legal remedies, and that the facts stated are not sufficient to sustain the jurisdiction of the court. In the case against the Southern Railway Construction & Land Company, it was also assigned as ground of demurrer, that there was a misjoinder of parties complainant. The chancellor overruled the demurrer in each case, and his decree is now assigned as error.

SAYRE, STRINGFELLOW & LEGRAND, WHITE, ROQUEMORE & LONG, TROY, TOMPKINS & LONDON, and GRAVES & BLAKEY, for appellants.—The original statute which allowed judgment creditors, who had exhausted their legal remedies, to file a bill in equity for a discovery of assets, was not objectionable on constitutional grounds, because the question of indebtedness *vel non* was tried by the record itself, and was not triable by a jury. But the amendment of the statute, under which these bills were filed, extended the remedy to creditors by simple contract only, or persons claiming to be such, and made no provision for a change of procedure, by which the question of indebtedness, if disputed, might be tried by a jury. The complainants' demands are purely legal, and have in them no single element of equitable cognizance. The bills are simply "fishing bills," and nothing more. The defendants can not protect themselves against a discovery by denying their indebtedness; and if they denied it, no remedy is provided for the trial of the issue. The granting of an issue at law, is matter of discretion with the chancellor, and the verdict is not binding on him; nor does such an issue meet the constitutional guaranty of a trial by jury. *Adams v. Munter & Brother,* 74 Ala. 343; *Galway v. State,* 93 Ind. 161; *Plimpton v. Somerset,* 33 Vt. 291; *Thompson v. Railroad Co.,* 6 Wall. 136; *Youngblood v. Youngblood,* 54 Ala. 487; *Thomas v. Bibb,* 44 Ala. 721; *Buzard v. Houston,* 119 U. S. 352; 64 Penn. St, 275; *People v. Haws,*

[Montgomery & Florida Railway Co. v. McKenzie.]

37 Barb. 440; 27 Iowa, 234; 1 Story's Equity, §§ 74 a, et seq.; Ex parte Hardy, 68 Ala. 321; Knowles v. Herbert, 11 Or. 57. Neither the insolvency of the defendant, nor the fact that it is a corporation, adds equity to the bill.—Mor. Corp., §§ 560, 571, 573; 59 Ala. 153.

The demurrer for misjoinder of complainants ought to have been sustained. The complainants have or assert distinct demands, and the statute does not authorize them to join in one suit, as judgment creditors may do.

R. H. CLARKE, and RICHARDSON & STEINER, contra, cited Tims v. State, 26 Ala. 168; Copp v. Henniker, 20 Amer. Rep. 198; 29 Ohio St. 82; 11 N. H. 19; 41 N. H. 550; 20 Wisc. 210; 14 Wisc. 461; 2 Strob. 560; 26 Texas, 588; Chambers v. Stringer, 61 Ala. 596; Sanders v. State, 54 Ala. 42; Boring v. Williams, 17 Ala. 510; Holmes v. Hunt, 122 Mass. 505; Beers v. Beers, 10 Amer. Dec. 186; 22 Amer. Dec. 680; 82 Amer. Dec. 440; Donelson v. Posey, 13 Ala. 752; 2 Barb. Ch. Pr. 154; Brown v. Bates, 10 Ala. 432; 2 John. Ch. 283; 2 Paige, 606; 20 Johns. 554.

STONE, C. J.—These suits in equity were instituted by persons styling and describing themselves as creditors without a lien, under the act "to extend the jurisdiction of courts of chancery," approved March 8, 1871—Sess Acts, 34; Code of 1876, § 3887—as amended by the Code of 1886, § 3545. The statute, as first enacted, limited its remedial effect to claims [judgments] on which executions had been issued, and returned "no property." The amendment extended its terms to creditors without a lien or judgment; and the present bills are filed under the amendatory clause. The bills are filed against corporations, for the discovery of assets subject to the payment of their debts.

The bills aver that said corporations are without visible, accessible means subject to their debts, and, on belief, they charge that each has property and effects liable to its debts, but which is not known to the respective complainants. They pray for discovery; and it is not perceived that in any matter of form or substance they fail to conform to the requirements of the statute.

There was a demurrer to each bill, which the chancellor overruled. The ground of demurrer pressed before us is, that the amendment to the statute, noted above, violates the constitution of this State, which declares, "that the right of

trial by jury shall remain inviolate."—Declaration of Rights,
Article I, of Constitution, § 12. The statute we are consid-
ering makes no provision for a jury to ascertain and de-
termine the amount of the demands the bills before us seek
to enforce; and they are purely legal demands.

It is very difficult to determine the precise extent and im-
port of the constitutional provision we are called on to inter-
pret. It is generally conceded, that the jury referred to is
a body of twelve men selected from the vicinage (county or
district), such as existed in the parent country when we
separated from it, and established a government of our own.
It is also generally conceded, that all claims, demands and
contentions which, at the time, were entitled to jury trial in
the parent country, are equally entitled to it under our con-
stitutional guaranty. This embraces all purely legal rights
and contentions, which were known to the common law, and
which had no element of equitable cognizance in their com-
position.

But, when a jury was not demandable of right at the com-
mon law, it is not demandable of right under our constitution.
When the powers of the chancellor grew into an equitable
system in England, and meted out justice without a jury, it
established another principle, which became well rooted in
that country's jurisprudence before any of our constitutions
were adopted. That principle is this: When any conten-
tion or controversy contains within it some element of purely
equitable cognizance, and the court of chancery acquires ju-
risdiction of the controversy for the purpose of adjusting the
equity, it does not confine or limit its remedial administra-
tion to the mere adjustment of the equity, but retains the
case, and administers complete justice between the parties,
although in doing so it is called on to decide, and does de-
cide, questions of purely legal cognizance. That principle
obtains with us, and is not considered an invasion of the
right of trial by jury. It is in accordance with the English
jury system, as it was administered when we embodied it in
our constitutions.

There is another principle which seems to be well estab-
lished, and which has been fostered, if not engendered, by
the discoveries, the enterprise, and stirring activity of our
relatively young country. New subjects of municipal regu-
lation have presented themselves, and new and less tardy
methods of remedial administration have become desirable.
There can be no doubt that a new right or contention, un-

[Montgomery & Florida Railway Co. v. McKenzie.]

known to common-law jury trial, is not within the constitutional provision we are considering. "It is undoubtedly competent to create new tribunals without common-law powers, and to authorize them to proceed without a jury; but a change in the forms of action will not authorize submitting common-law rights to a tribunal in which no jury is allowed."—Cooley Cons. Lim. *410; Proffatt, Jury Trial, § 84; Thompson & Merriam, Juries, § 24; 1 Story's Eq. Jur. §§ 71-2; 1 Pom. Eq. § 116; 2 *Ib.* § 914, and notes; *Tims v. State*, 26 Ala 165; *Boring v. Williams*, 17 Ala 510; *Youngblood v. Youngblood*, 54 Ala. 486; *Haines v. Levin*, 51 Penn. St. 412; *Rhines v. Clark*, *Ib.* 96; *Haines' Appeal*, 73 *Ib.* 169; *People v. Railroad Co.*, 12 Sickles (N. Y.), 161; *State v. Johnson*, 26 Ark. 281; *State, ex rel. v. Vail*, 53 Mo. 97; *State v. Lupton*, 64 Mo. 415; *People v. Cicott*, 16 Mich. 283; *Royall v. Thomas*, 28 Grat. 130. See, also, *Ex parte Grace*, 12 Iowa, 208; *In re Blair*, 4 Wis. 521.

In the present cases, very strong, if not unanswerable arguments, may be made, why the defendants should have the amounts of their alleged indebtedness ascertained by a jury, as the constitution provides.—1 Story's Eq. Jur. §§ 71-2. And if we could regard the question as fairly open to debate, we would probably hesitate long before granting to complainants the relief they pray, in the form in which it is claimed. But we feel that we are not at liberty to treat the question as *res integra*.

On February 4th, 1860, the act was approved, "to allow creditors without liens to file bills for the collection of debts in certain cases." It was enacted, "that a creditor without a lien may file a bill in the Chancery Court, to subject to the payment of his debt any property which had been fraudulently transferred, or attempted to be fraudulently conveyed by debtors." That act was carried through the Codes without change.—Code of 1867, § 3446; of 1876, § 3886; and of 1886, § 3544. The only claim of equitable ground in that statute was the fraud imputed, which is not always and *per se* a subject of equity jurisdiction. A majority of this court so held in *Smith v. Cockrell*, 66 Ala. 64. See, also, 2 Pom. Eq. § 914, and note. In the absence of statute, it is certainly not a ground of equitable jurisdiction, when the *gravamen* of the complaint is, that tangible, personal property has been conveyed in fraud of creditors. Yet, through all these years, relief has been granted to creditors without a lien, in the Chancery Court, and under that stat-

ute.—*Reynolds v. Welch*, 47 Ala. 200; *Todd v. Neal*, 49 Ala. 266; *Crawford v. Kirksey*, 50 Ala. 590; *McAnally v. O'Neal*, 56 Ala. 299; *Lide v. Parker*, 60 Ala. 165; *Evans v. Welch*, 63 Ala. 250; *Lehman v. Meyer*, 67 Ala. 396; *Bromberg v. Heyer*, 69 Ala. 22; *Weis v. Goetter*, 72 Ala. 259; *Harris v. Moore, Ib.* 507; *Zelnicker v. Brigham*, 74 Ala. 598; *Matthews v. Mobile Mut. Ins. Co.*, 75 Ala. 85; *Jones v. Massey*, 79 Ala. 370; *Carter v. Coleman*, 82 Ala. 177.

If there be any discrimination between sections 3544 and 3545, in the matter of the constitutional obstacle, it is certainly in favor of the latter enactment. Discovery is always a ground of equity jurisdiction, but fraud is not. If adequate relief can be obtained in a court of law, fraud will not uphold the jurisdiction of a court of equity. We are not able to draw a distinction between the older statute, under which we have so often granted relief, and the later enactment, assailed in these cases. The chancellor rightly overruled the demurrer, based on the denial of trial by jury.

Would it not be well, however, in cases like the present, which sound largely in damages, for the chancellor to have the questions of indebtedness, and its amount, submitted to a jury? And would it not be well to so amend this statutory system, as to secure a jury trial to either party, if demanded? Some courts, to carry out what they conceived to be their duty under the constitution, have had questions of similar character submitted to a jury, where the statutes under which they were acting appear to have been silent on the subject. *Com. v. Walter*, 83 Penn. St. 105; s. c., 24 Amer. Rep. 154; *State, ex rel. v. Allen*, 5 Kans. 213.

The present proceeding is a statutory remedy, which must be substantially conformed to, to authorize relief. To justify more than one separate creditor in uniting as complainants in one and the same suit, they must be judgment creditors, with executions returned "No property found."—Code of 1886, § 3546. The statute does not allow separate creditors without a lien, to become common suitors; and while we may believe the legislature would have extended the privilege to them, if it had occurred to that body, we are without power to supply the omission. We may readily suppose a reason why separate creditors, having the amounts of their claims made certain by judgments recovered, should be allowed to unite, while the same privilege would not be accorded to simple-contract creditors. But we need not spec-

[Keeble v. Keeble.]

ulate about non-expressed motives or objects. The law is so written, and we can not change it. In the case of the "Southern Railway Construction and Land Company," the 10th assigned ground of demurrer ought to have been sustained.

In the further prosecution of these cases, the principles settled in *Ex parte John Hardy*, 68 Ala. 303, must not be overlooked.

In the case of *McKenzie v. Montgomery & Florida Railway Company*, the decree of the chancellor is affirmed.

In the case of *McKenzie v. Southern Railway Construction and Land Company*, the decree is reversed and remanded.