## Lawson v. Warren.

*Bill in Equity for Discovery, by Creditor without Lien.*

1. *Bill for discovery; allegations; affidavit.*—A bill for discovery filed by a creditor without a lien, seeking to discover and subject the debtor's property to the payment of a legal demand (Code, § 3545), must be sworn to, and must allege (1) that the debtor has not visible means subject to legal process, of value sufficient to pay the demand, and (2) that he has assets not subject to legal process, which are liable for his debts, and a discovery of which is sought.

[Lawson v. Warren.]

APPEAL from the City Court of Montgomery, in equity.
Tried before the Hon. THOS. M. ARRINGTON.

The bill in this case was filed on the 6th February, 1890,
by James R. Warren, against Wm. H. Lawson, and alleged
that the complainant, during the years 1881-88, carried on
a mercantile business in the city of Montgomery, under the
name of J. R. Warren & Co., but solely on his own account;
that W. H. Lawson, a resident citizen of said county, "is
justly indebted to him in the sum of $10,000, for goods,
wares, merchandise and chattels sold to him by complainant,
and for moneys loaned to him, and for moneys paid for him
to others, at his request;" that complainant "has frequently
demanded of said Lawson that he pay said debt, but he has
repeatedly refused, and still refuses to pay the same."  On
these averments, the bill prayed, "that said defendant be
required to answer under oath all the property, real or per-
sonal, he may have, or claim an interest in, legal or equita-
ble; and where such property is situated, or may be found;
or who has or may claim possession thereof: and in whose
possession are the moneys, effects, and *choses* in action,
which he may have or claim an interest in, legal or equita-
ble, and where such moneys and *choses* may be found."
The bill prayed, also, that a receiver be appointed to take
possession of the property discovered, and to reduce to pos-
session the *choses* in action, and that such orders and decrees
be made "as may be necessary and proper to reach such
property, moneys, effects or *choses* in action, as may be dis-
covered to be liable to the debt which said defendant owes
your orator."

The defendant demurred to the bill, (1) for want of
equity; (2) because complainant had an adequate remedy
at law; (3) because it was not alleged that the defendant
was insolvent; (4) because it was not alleged that he had no
visible property subject to legal process; (5) because it was
not alleged, that he concealed or withheld any assets or
property liable to his debts; (6) because it is not alleged
that he has any equitable assets.  The court overruled the
demurrer, and its decree is here assigned as error.

TOMPKINS & TROY, for appellant.

ARRINGTON & GRAHAM, *contra.*

STONE, C. J.—In *Southern Railway Construction Com-
pany v. McKenzie*, reported in 85 Ala. 548, the same statute

[Lawson v. Warren.]

was relied on as conferring an equitable remedy, as is made the authority for the present suit. The bill in that case averred that the defendant, a corporation, had ceased to do business, was without visible property subject to execution, or to other ordinary process of the law; and on information and belief, it charged that defendant had property justly liable for the payment of its debts, that the kind and description of that property was unknown to complainants, and that "without a discovery of the assets of said defendant through the assistance of the [chancery] court, they [complainants] could find no property subject to the payment of their said debts." The bill was sworn to. We hesitatingly decided that the bill in that case was good, and in doing so we were largely influenced by former rulings of this court.

The bill in the present case contains none of the averments we have stated as found in the McKenzie bill. It is not averred whether or not defendant has property subject to legal process, or not subject to it; and there is no averred fact which tends to show that defendant's answer will or can discover any assets subject to defendant's debt. It is equally consistent with all that is charged, that the defendant has ample means open to legal process, or that he has no means either open or concealed. There is, therefore, not only no charge, but not even an intimation that any assets can be discovered. This constitutes it a fishing bill.—Story's Eq. Pl. § 325.

The tendency of modern legislation has been to enlarge the remedial jurisdiction of the Chancery Court, in giving efficient aid in the collection of debts. The statute under which this bill was filed, was conceived in that spirit. Hence, in certain conditions, it permits a creditor with a purely legal demand to seek redress in the Chancery Court in the first instance. Not in all cases, however. There must be equitable grounds for such interference. When the proceeding is under the statute we are considering, and no resort has been first had to the law courts, there must be averments which show the necessity for a discovery; for, without such averments, the case is not taken without the constitutional rule which guarantees a trial by jury. And when, in such case, the suit is on a legal demand, and assets other than equitable are sought to be subjected, the bill must show by its averments why it is that execution at law can not give to complainant the relief he is entitled to. In other words, unless there is concealment, hiding out, or something

[Weed v. Martin ]

of that nature, it is not perceived that discovery has any office to perform.

There is an equitable rule, that when from any cause discovery is necessary in aid of contentions purely legal, and the redress claimed is in its nature purely legal, the bill for discovery must be sworn to, or a demurrer to it will lie.—Mitford & Tyler's Eq. Pl. 153, note; Story's Eq. Pl. §§ 288, 313, 477; 1 Dan. Chan. Pr. 395; *Ib.* 1558; 3 Pom. Eq. § 1415. This rule is a salutary and safe one, and we hold it applicable to a statutory suit, such as the present one is.

In addition to the foregoing, we hold that a bill by a creditor without a judgment, filed under this statute, must show, as facts, or on information and belief, first, that defendant is without visible means subject to legal process, of value sufficient to pay the demand sued for; second, that he has means or assets, not accessible under legal process, liable to the satisfaction of the debt, for the discovery of which the bill is presented.

The demurrer to the bill ought to have been sustained, but we will not render the decree here. We remand the cause, with directions to the primary court to sustain the demurrer, unless within a reasonable time the bill is so amended as to give it equity.

Reversed and remanded.