# Tower Manufacturing Co. *v.* Thompson.

*Bill in Equity by Creditors, to set aside Fraudulent Conveyance by Debtor.*

1. *Parties to bill; when creditors may join.*—By statutory provision (Code § 3546; Sess. Acts 1888–89, p. 96), two or more creditors by simple contract may join as complainants in a bill for discovery of the assets of their common debtor, as well as judgment creditors; and though the statute does not apply to bills to set aside a conveyance, on the ground of fraud, common practice for thirty years has allowed creditors by simple contract to join in such a bill; and the court sustains the practice, as commendable on the ground of convenience, and tending to prevent a multiplicity of suits.

APPEAL from the City Court of Anniston, in equity.
Heard before Hon. W. F. JOHNSTON.

BROTHERS, WILLETT & WILLETT, and CASSADY & BLACKWELL, for the appellants.

KNOX & BOWIE, *contra*.

McCLELLAN, J.—The present bill is prosecuted by several open-contract creditors of V. L. Thompson, and seeks to have the sale of a stock of goods, made by him to C. A. Thompson, set aside, on the ground of fraud, and the property subjected to the payment of complainants' several debts. The decree appealed from, and now assigned as error, sustained a demurrer, "for that the complainants are open-contract creditors of V. L. Thompson, and can not join in one bill to set aside and cancel for fraud, or any other reason, the bill of sale from V. L. Thompson to C. A. Thompson." There was, of course, no privity between or among the complainants, their only connection resting in the fact that each was a creditor of V. L.

9

Thompson; and each, in separate right, had a standing in court to contest the validity of the transaction, by which the common debtor of each had attempted to dispose of his property with intent to hinder, delay, and defraud his creditors. Nor can any statutory provision be resorted to, in justification of joining two or more simple-contract creditors in a bill filed, as this one is, under section 3544 of the Code. The act of February 28, 1889, to which reference is made by counsel, as authorizing such joinder, is confined, in express terms, to bills proceeding under section 3545 of the Code, for discovery, and was intended to remedy the effect of the decision in the case of *Montgomery & Florida Railway Co. v. McKenzie,* 85 Ala. 546. The practice, however, of joining several creditors as complainants in such bills, has been so long and so univerally resorted to, whenever occasion required, and has passed so often unchallenged through this court, as to have become, in some sort, an established rule of pleading. It has long been held that two or more judgment-creditors might unite in the prosecution of such suits; and in principle the objection to such a course on the part of judgment-creditors, is as tenable as that now urged to the joinder of contract-creditors; and it seems to have been the general understanding of the profession that the two cases, in this respect, stood upon the same footing. So true was this, indeed, that notwithstanding the numerous cases shown by our reports in which the point now insisted on, might have been made, it does not appear to have ever been made until the recent case of *Ruse v. Bromberg,* 88 Ala. 619; and was then doubtless suggested by the opinion in *M. & F. Railway Co. v. McKenzie, supra,* where the conclusion announced, with respect to a bill for discovery, was really reached on the doctrine of *expressio unius est exclusio alterius.* In *Ruse v. Bromberg supra,* Justice CLOPTON says: "The contention is, that the statute which authorizes a creditor without a lien to file a bill in chancery, to subject to the payment of his debts property fraudulently conveyed by his debtor, does not extend to such creditors the general rule which permits separate judgment creditors to join in a bill having such object. The statute has been in operation nearly thirty years. From the time of its enactment it has been the common practice to unite in such bill two or more creditors without a lien, seeking to enforce separate and distinct demands. Many cases have been reviewed in this court, without the propriety of the practice being questioned. The statute has been generally considered as operating to place simple-contract and judgment creditors, as to the remedy, on the same footing. Were it difficult to perceive any sound principle of equity pleading on

which to justify it, we would long hesitate to disturb a practice so general and continuous, especially as its tendency and effect are to promote convenience, and to prevent multiplicity of suits."

In view of the well established practice, the advantages of which outweigh any possible hardships that may result under peculiar circumstances, and carrying the language quoted above to its necessary and legitimate consequences, we are constrained to the conclusion, that the present bill was well exhibited in names of the several open-contract creditors of the defendant. The decree of the City Court is therefore reversed, and a decree will be here entered overruling the demurrer in question.

Reversed and rendered.