# McCullough v. Jones.

*Bill in Equity by Judgment Creditors, for Discovery and Relief.*

1.  *Bill for discovery by judgment creditors; appointment of receiver after answer filed.*—When several judgment creditors, having execu-

tions returned unsatisfied, unite in a bill for the discovery and subjection of assets belonging to their debtor (Code, §§ 3545–48), and the answer discloses assets subject to the payment of their debts, they may have a receiver appointed to take charge of the property, and enjoin the defendant from interfering with it; but, if the answer further alleges or shows that all of the property is incumbered by mortgages and prior liens to more than its full value, and it is not contradicted or impeached on oral examination of the debtor, a receiver can not be appointed except on affidavit of facts showing a necessity, as under the general rules of chancery practice.

APPEAL from the City Court of Montgomery, in equity. Heard before the Hon. THOS. M. ARRINGTON.

A. A. WILEY, for appellant.

ARRINGTON & GRAHAM, *contra.*

McCLELLAN, J.—The bill in this case was filed by several judgment creditors of Thomas McCullough, and seeks a discovery of property which may be subjected to the satisfaction of their claims. It alleges that executions have been issued on their several judgments, and returned "no property;" that the defendant has property justly liable for his debts, but that the kind, description and location of the same, and the particular interest of the defendant therein, are unknown to the complainants; and that without a discovery of the assets of the defendant, through the assistance of the Chancery Court, complainants can not find any property subject to the payment of their said judgments. The prayer is in the usual form, for a discovery of assets through and by the answer of defendant; and further that, upon the coming in of the answer disclosing property, a receiver be appointed to take possession and control of the same, &c., and the defendant be enjoined to interfere or intermeddle therewith.

The defendant answered, disclosing that he owned an equity of redemption in certain lands, and alleged that the mortgages upon it were in excess of its value, and also owned certain personalty, consisting of one half interest in sixty or sixty-five bales of cotton, grown on said land, during the current year, which was under mortgage in excess of its full value, and was in possession of six mules, which had been advanced to him by Parker & Co., who retained the legal title thereto, and also held a mortgage thereon for an amount greater than the full value.

Upon the coming in of this answer, complainants moved for the appointment of a receiver for such property "as the defendant has admitted . . . to have in his possession, or

under his control, and in which he is interested; and for an order requiring the defendant to make such receiver a conveyance and transfer of all his interest in such property, and to deliver to such receiver possession of all of said property." Further motion was made for an injunction, as prayed in the bill. In response to these motions, a receiver was appointed, and injunction issued as prayed and moved for; and the decree of the court to these ends is appealed from, and now presented for review.

The discovery is sought under section 3545 of the Code, and we do not question but that the allegations of the bill meet the requirements of that section, in so far as the relief there provided for is prayed.—*Brown v. Bates*, 10 Ala. 432; *M. & F. Railway Co. v. McKenzie*, 85 Ala. 546; *Lawson v. Warren*, 89 Ala. 584; *Martin v. Carter*, 7 So. Rep. 510; 90 Ala. 96.

Neither the bill, nor the motion made therefor, after answer filed, contains any averment with respect to the necessity of appointing a receiver, or granting an injunction; nor does the bill or motion disclose any facts which would justify the action of the court in either respect; and no affidavits setting forth such facts were filed. Moreover, the essential facts to these ends, if the case be considered apart from statutory provisions, do not appear from the answer. If the order appointing a receiver and granting an injunction is to stand, therefore, it must find justification in the statute itself. The conditions prescribed by section 3547 of the Code for the appointment of receivers, and the granting of other orders for the purpose of reaching and subjecting property disclosed by the answer, must exist. That section is supplementary to section 3545, providing for bills of discovery, and is intended to effectuate the relief made possible by the disclosure of the answer to such bills, by authorizing the court to make all necessary and proper orders to reach and subject the property. This section proceeds on the theory, that property which has been so hidden away as that ordinary process could not reach it, would, when brought to light by means of the powers of the Chancery Court, require the extraordinary processes of that court to keep it intact and accessible, so as to be answerable to its final decrees; and upon this theory, it is provided that the court must make all necessary orders for the protection and preservation of the property *pendente lite*, and to that end may appoint a receiver, &c.

It does not appear to be in the contemplation of this statute, that any showing as to the necessity of such orders and decrees, beyond the fact of the discovery by the answer of property before inaccessible, which is subject to the defendant's debts, should be made. But this fact must appear from the answer.

[McCullough v. Jones.]

The answer itself must disclose property belonging to the defendant, and subject to the payment of his debts; the language of the statute in this connection being:   "If, from the answer, it appears that the defendant has property, real or personal, or an interest in property, real or personal, subject to the payment of debts," the court must make the necessary and proper orders and decrees to reach and subject it.   The requisition is, not only that the answer must disclose property, but that it must be such property as may be reached and subjected to complainant's demands.   It would be a vain and useless thing to appoint a receiver to take possession of property, which, though belonging to the defendant, could not for any reason be subjected to complainant's judgment; and the statute does not contemplate that this shall be done.   It would be equally vain to have a receiver for property, which, though nominally belonging to defendant, is beneficially owned by third persons, or is incumbered beyond its value.   In such case, it can in no sense be said that such property, or any interest of the defendant therein, is subject to the payment of his debts, or can be reached and applied thereto.

The answer here discloses just this state of facts.   Defendant owns an interest in the property described, but the prior liens and mortgages upon it are alleged to be more than sufficient to absorb all interests in it, the whole property, leaving no interest of defendant which could be reached and subjected to the payment of complainants' claims, and hence nothing for the receiver to take charge of, or for the injunction to operate upon.   The answer, as long as it is permitted to stand uncontroverted, must be taken as true, for the purposes of the orders and decrees provided for in section 3547.   The answer here affords no predicate for the orders made manifestly under and by virtue of this statutory system.   If the allegations of the answer are untrue, the remedy of complainants, under the statute, was to have the defendant examined orally, as provided by section 3548 ; and in that case, their rights to a receiver, injunction, &c., would depend upon the disclosures of such oral answers.   Or, proceeding under the general rules of chancery practice, they might have entitled themselves to these orders, by supporting the motion for them with affidavits showing facts which rendered necessary the appointment of a receiver, and the granting of an injunction.   It may be, indeed we do not doubt, that the answer filed was subject to exception for insufficiency, uncertainty, and indefiniteness, in setting forth the property disclosed and the incumbrances upon it ; and that upon exceptions taken, defendant should have been required, without reference to section 3548, to file a fuller and

more explicit answer, which might have disclosed facts neces-
sary to support these orders.    But this was not done; and we
are left to determine the case on the facts which are disclosed
by an insufficient answer.    The facts furnish no predicate for
the appointment of a receiver, or the granting of an injunction,
and the orders in that behalf must be reversed, and the cause
remanded.

Reversed and remanded.