# Williams *v.* Stoutz.

*Bill in Equity by Probate Judge, against Administrator and Sureties, for Discovery and Appropiation of Assets.*

1. *Probate judge seeking discovery as creditor, or "person aggrieved" by breach of administration bond.*—A probate judge, in his official capacity, is not a "person aggrieved" by the breach of an administrator's bond (Code, § 2575); nor can he maintain a bill, as a creditor, for the discovery and appropriation of assets fraudulently conveyed (§ 3545), nor can the bill be sustained on the ground of exonerating his sureties from liability for his official act in accepting an insufficient bond from the administrator.

2. *Bill for discovery; necessary allegations.*—A bill for discovery by a creditor (Code, § 3545), must allege that the debtor has not visible means subject to legal process, of value sufficient to pay the demand, and that he has assets which are liable for his debts, but which, by reason of concealment, hiding out, or something of that nature, can not be reached by ordinary legal process.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed by the appellant, Price Williams, Jr., in his official capacity as probate judge of Mobile County, against George Stoutz, as administrator of one Hulsebusch, deceased, and against Thomas M. LeBaron and William Stoutz, as sureties on the bond of the said administrator; and sought to compel a discovery by them of assets in their hands liable to the claim of distributees of said Hulsebusch, and also to subject certain real estate, in which one of the sureties had an interest, to the payment of a decree in the Probate Court against said administrator and his sureties in favor of the said distributees.

The bill averred that the said George Stoutz, as administrator of the said estate, was cited to a final settlement of his administration in the Probate Court, and a decree was there entered against him by the complainant in behalf of the distributees of said estate. Execution was issued on this decree against said administrator, and upon this being returned "no

[Williams v. Stoutz.]

property found," the execution was issued against the other defendants, as sureties on his official bond. Before this execution was returned, complainant filed the present bill, resting his right of relief on the fact that the bond of the administrator was made payable to him as Probate Judge, upon default thereof. The defendants demurred to the bill on the ground that it did not show on its face that the complainant had sufficient interest in the subject-matter to entitle him to the relief asked. The chancellor sustained this demurrer. The complainant then amended his bill by making the distributees of the estate of said decedent parties defendant, and also alleging that he was liable to be sued, and was threatened by the said distributees with a suit, for taking a bond from the administrator with insufficient sureties. The prayer of the bill, as amended, was for payment; for discovery, and for subjection of the real estate of the defendant LeBaron to the payment of the decree against the administrator so far as might be necessary. The amended bill was demurred to upon the same grounds as alleged in the former demurrer; and also upon the ground that the complainant did not show therein any facts upon which he could be made liable to pay said decree of said Probate Court in favor of the distributees.

The chancellor sustained these demurrers, and dismissed both the original and amended bills. The plaintiff brings this appeal, and assigns the chancellor's decree as error.

F. G. BROMBERG, for appellant, cited *Bagby v. Chandler*, 8 Ala. 230; *Chaudron v. Fitzpatrick*, 19 Ala. 652; *Amason v. Nash*, 24 Ala. 279; *M. & E. Rwy. Co. v. McKenzie*, 85 Ala. 546; *Keel v. Larkin*, 72 Ala. 500; *Perkins v. Moore*, 16 Ala. 1; Code of 1886, §§ 799, 2033, 2575, 3545–3547.

FAITH & ERWIN, *contra*, cited *Hamilton v. Williams*, 26 Ala. 527; *Lane v. Westmoreland*, 79 Ala. 372; *Patrick v. Robinson*, 83 Ala. 575; *Pegram v. Riley*, 88 Ala. 399; *Morrow v. Wood*, 56 Ala. 1; *Nixon v. Dunklin*, 44 Ala. 455; Code of 1886. § 2033.

McCLELLAN, J.—We concur with the chancellor that a probate judge, to whom an administration bond is payable, is not, upon a breach thereof, "the person aggrieved," within the meaning of section 2575 of the Code; and that while he may sue for such breach, his right to do so results from the fact that he is payee in the instrument, and not upon any consideration that he is the injured party, or a creditor of the obligors therein; and not being a creditor he can not maintain

a bill against the obligors for discovery and appropriation to the satisfaction of the breach of their property.—Code, §§ 3545-6-7; *Amason v. Nash*, 24 Ala. 279; *Morrow v. Wood*, 56 Ala. 1.

But a different conclusion on this point would be of no advantage to appellant. Conceding that he was a creditor of the sureties on the administration bond in question in such sort as to entitle him to maintain a bill for discovery and relief against them, or a bill to subject to their liability on the bond property which they had fraudulently conveyed, the averments of the present bill are wholly insufficient to invoke equity jurisdiction to either of those ends. No facts are alleged upon which a charge of fraud could be rested, and no such charge is made. With respect to the discovery it prays, it contains no allegations showing the necessity for, or utility of, such relief. It is sought in argument to support the jurisdiction of chancery by invoking a construction of sections 3545, 6 and 7 of the Code, supposed to have been adopted by this court in the case of *Montgomery & Florida Railway Co. v. McKenzie*, 85 Ala. 546; but, if that case was ever open to the interpretation insisted upon, it has since been repudiated in subseqent adjudications expressly to the effect, that the relation of debtor and creditor does not alone authorize a resort to equity under those sections, but that in addition thereto, averment must be made (1) that the debtor has not visible means subject to legal process of value sufficient to pay the demand, and (2) that he has assets which by reason of "concealment, hiding out, or something of that nature," can not be reached by the ordinary legal processes, but which are liable for his debts, and a discovery of which is sought.— *Lawson v. Warren*, 89 Ala. 584; *McCollough v. Jones et al*, 91 Ala. 186. Neither the original nor amended bills contain any averment of these facts without which the discovery prayed could not be granted, and if decreed would, for aught that appears by the bill, be entirely nugatory and abortive.

The bill as amended proceeds on the theory that a probate judge, who has approved an insufficient bond, and hence may ultimately be liable to the distributees on his official bond for the sum decreed to them against the administrator, may come into equity for the purpose of subjecting property of the sureies to the satisfaction of the decree, to the end of the exoneraation of himself and his own bondsmen. There are to our minds two reasons why the bill can not be maintained in this aspect. In the first place, it fails to allege facts which show that the bond the complainant approved was insufficient so that his official bond could be made to respond in an action

[Daniels v. Lowery.]

by the distributees; and secondly, the basis of the relief sought is complainant's own misfeasance which can not afford him a right of action.

The bill was without equity in either aspect. The demurrers were properly sustained, and the decree dismissing the bill is affirmed.