[Sweetzer, Pembrook & Co. v. Buchanan.]

# Sweetzer, Pembrook & Co. *v.* Buchanan.

*Bill in Equity by Creditor, for Discovery of Property Fraudulently Concealed or Transferred, Receiver, and Condemnation to Debt.*

1. *When simple-contract creditor may come into equity.*—Under statutory provisions giving to creditors without a lien, or by simple contract only, a right to come into equity to obtain a discovery of property fraudulently concealed or conveyed by his debtor, and to have the same reached and subjected to the satisfaction of his debt (Code, §§ 3544–47; Sess. Acts 1888–9, p. 96), it is sufficient for the creditor's bill to allege that the debtor has no visible property, or other means accessible to legal process from courts of law, but, "has property, or some interest in property, real or personal, subject to the payment of his debts," which he has fraudulently concealed or conveyed, and the kind and description of which are unknown to the complainant; asking a discovery as to such property, and its condemnation to the satisfaction of complainant's debt through the intervention of a receiver.

2. *Affidavit to bill.*—A bill filed by a simple-contract creditor, seeking a discovery as to property alleged to have been fraudulently concealed or conveyed by the debtor, and its subjection to the satisfaction of the complainant's debt, must be sworn to.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed on the 5th November, 1889, by the appellants, a mercantile partnership in New York city, against Thomas G. Buchanan, his late partner, Thomas C. Ryall, and the National Bank of Shelbyville, Tennessee ; and sought a discovery of the property, evidences of debt, &c., alleged to belong to said Buchanan, but which he had fraudulently concealed or transferred to the other defendants, and their subjection to the satisfaction of complainant's debt against him through the intervention of a receiver. The chancellor sustained a demurrer to the bill, and his decree is here assigned as error.

BUSH & BROWN, for appellants.

D. D. SHELBY, *contra.*

COLEMAN, J.—Complainants' bill was filed under sections 3544–3547 of the Code, inclusive, as amended by act of the legislature of 1888–9, p. 96. These sections enlarge the remedy of a simple-contract creditor, and under these provisions

he may maintain a bill for discovery and relief in certain cases, for which the general principles of courts of equity, without the statutory aid, would be wholly inefficient. The scope and effect of these remedial statutes, to some extent, have been ascertained and declared by former decisions of this court, and we are satisfied with the correctness of the conclusions reached in those adjudications upon the questions involved.—*Montgomery & Fla. R. R. Co. McKenzie*, 85 Ala. 548; *Lawson v. Warren*, 89 Ala. 585; *McCullough v. Jones*, 8 So. Rep. 696, 91 Ala. 186.

The present bill avers and describes the indebtedness of the defendant Thos. G. Buchanan to complainants, and further avers that he has no visible property or other means accessible to legal process from a court of law to satisfy the plaintiffs' demand. The bill further avers, substantially, that he "has property, or an interest in property, real or personal, or money or effects or *choses* in action, subject to the payment of his debt;" but that the kind and description of property, and how held, is kept concealed and hidden out, and is unknown to complainants, and that a discovery by the defendant is necessary to enable complainants to reach and subject it to the satisfaction of their demand. The bill further avers that this property or interest was conveyed away, and is kept concealed by the defendant debtor, for the purpose of hindering, delaying, and defrauding his creditors.

The bill is not liable to the objection that it is a mere fishing process to discover as by chance whether the defendant has such property. The averments are, that he has property liable to the debt, but that defendant has so manipulated and concealed it that it can not be reached by the ordinary process from courts of law; that its kind and character and whereabouts are unknown, and can not be discovered without the aid of a court of chancery.

An accurate or any description of the property, further than to show that it is liable to the payment of defendant's debt, is not required in such cases; neither is the objection available that the property is beyond the limits of the State. The defendant debtor is in court in person, subject to its jurisdiction, and the statute itself makes express provision for such cases, whether the property be "within or without" the State. Code, § 3547. The court may require the debtor to make all conveyances to a receiver which may be necessary to enable him to receive, sue for, and recover such property.

The court erred in sustaining defendant's demurrer to the bill.

In the case of *Lawson v. Warren*, 89 Ala. 584, it was declared that bills like the present one should be sworn to.

Reversed and remanded.