# Norman Bros. *v.* Goetter, Weil & Co.

*Bill in Equity by Creditor without Lien, to subject Property Fraudulently Transferred.*

1. *Constitutionality of statute authorizing a creditor without a lien to file a bill in chancery to subject property fraudulently transferred.*—The statute (Code, § 3544) authorizing a creditor without a lien to file a bill in chancery to discover or subject to the payment of his debt property which has been fraudulently transferred or conveyed, or attempted to be fraudulently transferred or conveyed by his debtor, is not violative of the constitutional provision that "the right of trial by jury shall remain inviolate." (Const. of Ala. Art. 1, § 12).

APPEAL from the City Court of Montgomery.
Heard before the Hon. T. M. ARRINGTON.
This was a bill in equity filed by Goetter, Weil & Co., and J. Loeb & Bro., suing as creditors without a lien of Norman Bros., a partnership composed of William Norman and George Norman, and its object was to have subjected to the payment of the debts due to the complainants certain property which, the bill alleged, said Norman Bros. had fraudulently transferred or conveyed. Said debtors, and also the

Vol. 96.

[Wood v. Hudson.]

persons to whom the alleged fraudulent transfers had been made, were made parties defendant. The defendants demurred to the bill on the following grounds: (1.) "The statute, Code, § 3544, under which said bill of complaint is filed, is violative of the Constitution of the State of Alabama." (2.) "It does not appear from said bill of complaint that complainants are judgment creditors of the defendants, Norman Bros., nor that they have exhausted their legal remedies for the collection of the alleged indebtedness." The defendants appeal from a decree overruling this demurrer.

SAYRE & PEARSON, for the appellants.

WATTS & SON, contra.

STONE, C. J.—The decretal order of the City Court overruling the demurrer to the complainants' bill is in all things affirmed, on the authority of *Montgomery & Florida Railway Co. v. McKenzie*, 85 Ala. 546, and same case, *ante* p. 465, and the numerous authorities cited in each of those cases.

Affirmed.