# Cook v. New York Condensed Milk Company.

### Bill for Discovery Under the Code.

1.  *Constitutional-law; Code 1886, § 3546.*—Code 1886. § 3546, relating to bills of discovery, as amended by Sess. Acts 1888–89, p. 96, providing that any number of judgment or other creditors may join as complainants in such bill, is not in conflict with Const. Art. 1, § 12, "preserving the right of trial by jury," because it does not provide for a jury trial to determine the amounts due the several complainants.

APPEAL from the City Court of Montgomery.

Heard before the Hon. THOMAS M. ARRINGTON.

Bill by the New York Condensed Milk Company and others against George W. Cook for a discovery. The appellees who were simple contract creditors, filed the present bill against George W. Cook, who was alleged in said bill to be insolvent; and after alleging that the said defendant had property, real and personal, which was unknown to the complainants, and secreted by the defendant, prayed for a discovery of all the property owned by the defendant, and that the same be subjected to the payment of complainant's debts and also prayed for an injunction restraining the defendant from collecting, selling or otherwise disposing of any of his assets or property. Upon the execution of a bond the chancellor ordered, and the register issued, a temporary injunction, before an answer was

filed by the defendant. The defendant moved the court to discharge the injunction on the ground that it was granted and issued before the coming in of the defendant's answer disclosing assets subject to the payment of his debts. The defendant also demurred to the bill, and moved to dissolve the injunction for want of equity in the bill. The cause being submitted on the two motions and the demurrer the same were overruled by the court.

A. A. WILEY and W. S. THORINGTON, for the appellant.

ARRINGTON & GRAHAM and T. SCOTT SAYRE, for the appllees.

STONE, C. J.—Since the decision in *M. & F. Railway Co. v. McKenzie*, 85 Ala. 546, the statute under which that proceeding was instituted—Code of 1886, § 3546—has been amended. Sess. Acts 1888-9, p. 96. As the law now stands, "Any number of judgment creditors, upon whose judgments executions have been issued and returned 'no property found,' or creditors without liens or judgments, may join as complainants in such bill." That amendment authorized the joining as co-complainants in the present suit of the several complainants who did unite in bringing it, although their several claims are charged to be due and owing separately to the persons and partnerships who are made complainants.

The case comes before us on demurrer to the bill, which the chancellor overruled. The precise question raised is, that the statute under which this bill is sought to be maintained, is violative of Article I, section 12 of our State constitution, which declares, "That the right of trial by jury shall remain inviolate." The contention is, that inasmuch as no provision is made in the statute for a jury trial to ascertain and determine the amounts due the several complainants, the statute is unconstitutional. This precise question has been argued before us many times, and ably, and we gave it thorough consideration. We were aware that other courts, on a statute not distinguishable in principle from ours, had sustained the constitutional objection, and had ruled that in such conditions a jury trial must be provided for. Following many older rulings of this court, on a statute presenting a similar question, we sustained the constitutionality of the statute.—*Montgomery & Florida Railway Co. v. McKenzie*, 85 Ala. 546; *Smith v. Cockrell*, 66 Ala. 64. The decision then pronounced, though several times assailed, has never been departed from, but has been uniformly fol-

[Cook v. Schmidt & Ziegler.]

lowed in our later rulings.—*Lawson v. Warren*, 89 Ala. 584; *Tower Manufact'g Co. v. Thompson*, 90 Ala. 129; *McCullough v. Jones*, 91 Ala. 186; *Williams v. Stoutz*, 92 Ala. 516; *So. Railway & Construction Co. v. McKenzie*, 96 Ala. 465. We adhere to our former rulings.

Affirmed.