4 So.2d 125

### TILLERY v. COMMERCIAL NAT. BANK OF ANNISTON.

7 Div. 660.

Supreme Court of Alabama.

June 16, 1941.

Rehearing Denied Oct. 23, 1941.

J. Howard Perdue, of Birmingham, amicus curiae.

Merrill & Merrill, of Anniston, for appellee.

H. H. Evans and Knox, Liles, Jones & Blackmon, all of Anniston, for appellant.

FOSTER, Justice.

This is an appeal from two decrees in equity rendered on April 3, 1941. One of them overrules demurrer to a "bill of com-

plaint or petition," and the other denies "the respondent's objections to the jurisdiction of this court to determine the claim filed by respondent in this cause." Each decree is separately assigned as error.

Counsel for both parties stated in brief that the administration of the estate of J. R. Wikle was removed into the circuit court, in equity, in which the petition in this proceeding was filed.

This petition filed by the executor in equity makes appellant a party respondent; asserts that he filed a claim in the office of the probate judge against said estate in the sum of $20,000; that said estate does not owe the claim in any amount, and prays that respondent have notice and on a hearing that the claim be disallowed.

Appellant, through counsel, filed an instrument headed "Plea of O. L. Tillery to petition," in which he declares that he appears specially for the purpose of filing the plea; and then avers that the court is without jurisdiction; that the statutory method of contesting such claim is on the law side of the circuit court, and not in equity; that complainant had denied the validity of the claim, and a trial of it in a court of equity is a denial of the right to a jury trial, and then prays that the court will dismiss the petition for want of jurisdiction.

■ If this instrument be taken as a motion to dismiss for want of equity, it has no standing, and a decree on it is not appealable. Section 6553, Code of 1923; Rule 14, Equity Pleading, page 1052, Tit. 7, Appendix. Code of 1940; section 6079, Code of 1923; Title 7, section 755, Code of 1940.

If it be taken as a plea, the decree adjudging its insufficiency is not appealable. Bullen v. Bullen, 231 Ala. 192, 164 So. 89; Thomas v. State, Ala.Sup., 2 So.2d 772.[1] Nor is it subject to assignment of error on appeal from a decree on demurrer to the bill. Craig v. Craig, 219 Ala. 77, 121 So. 86; Title 7, page 626, Code of 1940.

■ But when a petition is filed in a pending cause in equity, which seeks some relief of an independent sort and which is subject to hearing and decree as though it were an original bill, an appeal will lie from decrees in respect to it as though it were an original bill. Cortner v. Galyon, 223 Ala. 405, 137 So. 30; Worthington v. Worthington, 224 Ala. 237, 139 So. 334.

■ The respondent filed a demurrer to "the bill of complaint or petition," assigning grounds which raise the same questions. The decree overruling such demurrer is appealable and on such appeal the questions are properly presented.

■ Appellant's brief cites authorities thought to support three propositions. One relates to the denial of the right to a jury trial. The second is that a court acquiring jurisdiction shall not be divested by another proceeding; and, third, that the court of equity is without jurisdiction because there is an adequate remedy at law. On the first proposition, the citations are only to section 11, Constitution, and section 9498, Code of 1923, Code 1940, Tit. 7, § 260. Section 11, Constitution, preserves the right of trial by jury. Section 9498, Code, is merely a statute in furtherance of that right, and subject to amendment so long as it does not conflict with section 11, Constitution.

Counsel for appellee cite sections 8970 and 8971, Code of 1923, as amended by the Act of September 21, 1939 (General Acts 1939, page 806), which was brought into the Code of 1940, in Title 7, section 30, and Title 61, section 216, respectively; and provide that when notice is given of a disputed claim against an estate, the judge of the court having jurisdiction of the administration shall on written application hear and pass on its validity after notice, with the right of appeal as provided by law for appeals from that court.

■ We are treating the administration of this estate, as the parties do in brief, as pending in equity. Therefore the Act of 1939, supra, confers jurisdiction on the judge of that court to hear and pass on the validity of that claim on written application of the personal representative (or others in it named). This proceeding was begun on the written application of the personal representative alleging that the claim is disputed in whole. It is therefore squarely within the act, and, if valid, confers jurisdiction on the judge of the court of equity in which the administration is pending to hear and pass on the validity of this claim. The court itself already possessed such power as we will show. It is not subject to the objection that there is an adequate remedy at law.

■ It is well understood that the constitutional guaranty of trial by jury only

---

[1] Ante, p. 381.

extends to cases in which the right existed when the Constitution was adopted. This includes all purely legal claims which were known to the common law and which had no element of equitable cognizance in their composition, and in which a trial by jury existed. Montgomery & F. Ry. Co. v. Mc-Kenzie, 85 Ala. 546, 5 So. 322; Cook v. New York Condensed Milk Co., 100 Ala. 580, 13 So. 685; State v. Bley, 162 Ala. 239, 50 So. 263; In re One Chevrolet Automobile, 205 Ala. 337, 87 So. 592; Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A.L.R. 671; Yauger v. Taylor, 218 Ala. 235, 118 So. 271.

■ A proceeding under section 8971, Code of 1923, as amended; Title 61, section 216, Code of 1940, does not lead to a moneyed judgment on which execution may issue. Its only purpose is to fix the rights of parties to a fund in trust, being administered in that court, so as to determine who is entitled to it on distribution. The procedure is similar to that provided in sections 6312 and 6318, Code of 1923, Title 5, sections 61 and 63, Code of 1940, relating to banks in liquidation.

■ And so in the administration of a receivership in equity, it is the province of the court where it is pending to pass on the validity of claims insofar as they involve payment of funds under the receivership. 53 Corpus Juris 240. No thought has been entertained that a claimant is entitled to a trial by jury. When a proceeding is pending in equity for the administration of an estate, the practice and procedure in that court are to be observed. Section 6476, Code of 1923, Code 1940, Tit. 13, § 138.

■ In that court, the statute was not necessary to confer jurisdiction to determine the validity of claims in respect to a trust being there administered. It had original jurisdiction because the administration of a decedent's estate is that of a trust which is within such jurisdiction of an equity court. Kennedy v. Kennedy, 2 Ala. 571, 572; Blakey v. Blakey, 9 Ala. 391, 394; Pharis v. Leachman, 20 Ala. 662; Rensford v. Magnus & Co., 150 Ala. 288, 43 So. 853; Sec. 149, Constitution.

So that a jury trial in equity is not in such proceeding a matter of right.

But we would not like to approve a status created by legislation by which a jury trial is a matter of right if the administration of the estate continues in the probate court,

but does not exist if the administration is removed into a court of equity, where the right of such removal does not depend upon the existence of some equitable remedy not available to the probate court. Title 13, section 139, Code of 1940. This would open the door to a proceeding by which, in the discretion of certain parties, the right to a jury trial guaranteed by the Constitution to others may be annulled, by the simple expedient of causing the administration thus to be removed, and would create a serious constitutional question relating to the validity or interpretation of that legal status.

It is important therefore to pass on the question here involved when the administration remains in the probate court.

■ Section 8971, supra, prior to amendment being only a statute of limitations, did not confer any right to a jury trial which did not otherwise exist. The amendment took it out of its category as a statute of limitations, and the Code of 1940 placed in the title on "Wills and Administration," Title 61, section 216, Code of 1940, and conferred jurisdiction on the judge of probate (or of an equity court) to pass on the validity of the claim on the written application of the personal representative or claimant. This merely confers a right similar to that which applied to proceedings in equity for the administration of trusts and receiverships and the liquidation of banks.

Probate courts are established under section 149, Constitution, having general jurisdiction of orphans' business and of the power to grant letters. When they are administering an estate, it is the administration of a trust, but its procedure and authority do not extend as fully as when the administration is in equity, and that court except in insolvent estates has never before had the power to determine the validity of claims presented. See 24 Corpus Juris 396.

With respect to insolvent estates the statute provides that objections to claims must be tried in that court as in actions at law. Title 61, section 407, Code of 1940. This court held that such provisions confer a right to a jury trial in that court when demanded. Nooe's Ex'r v. Garner, 70 Ala. 443; Blankenship v. Nimmo, 50 Ala. 506. Compare, Montgomery St. Ry. Co. v. Sayre, 72 Ala. 443; Title 13, section 297

(4), Code of 1940. But by the statute now under consideration (Title 61, section 216, Code of 1940), the judge of the court hears and passes on the claim.

There was at common law the right of a creditor to sue the administrator on a debt created by decedent, in which a jury trial was a matter of right. And while he may pursue the new remedy under Title 61, section 216, he may still elect to sue at law, rather than this special remedy. So that when he begins the proceeding, if he elects to act under the new statute he cannot complain that it does not afford a jury trial.

But there has never been a right to a jury trial of a contest instituted by the personal representative to dispute a claim against a solvent estate, because no such proceeding has heretofore existed. Analogous is the case of Miller v. Gaston, 212 Ala. 519, 103 So. 541, in which it was held that when a party is in the adverse possession of land, another claimant out of possession cannot have a suit in equity to quiet title, since that would substitute an equitable remedy for an existing remedy at law by ejectment. But that the quieting of titles by one who is in the actual possession is a cause of action unknown to the common law, and the common law afforded complainant no remedy. It was therefore in the province of the legislature to grant a new remedy without providing for a trial by jury.

That is the identical legal status of this situation, since the proceeding here is by the personal representative, who could never before have instituted such a contest. This remedy would of course not be available to the personal representative if a suit at law is pending against him on the claim.

It results from the foregoing discussion that in our opinion section 8971, Code of 1923, as amended by the Act of September 21, 1939, supra, Title 61, section 216, Code of 1940, does not violate section 11, Constitution.

The demurrer to the bill which seeks to pursue that procedure was properly overruled.

Affirmed.

GARDNER, C. J., and THOMAS, BOULDIN, BROWN, and LIVINGSTON, JJ., concur.