45 So.2d 466

## Ex parte ARRINGTON et al.

### 4 Div. 599.

Supreme Court of Alabama.

April 6, 1950.

W. R. Martin, of Ozark, and B. B. Rowe, of Enterprise, for petitioners.

Chas. O. Stokes, of Ozark, for respondent.

BROWN, Justice.

This is an original petition for the issuance of the writ of mandamus by this Court addressed to the Hon. J. S. Williams, Judge of the Circuit Court of Dale County, commanding him to vacate an order of the court refusing the petitioners' motion to strike the demand of the defendant for trial by jury on the issue vel non of the relation of employer and employee between the defendant and the alleged deceased workman in a proceeding under the Workmen's Compensation Law. Code 1940, Tit. 26, § 253 et seq.

The contention of the petitioners is. that that issue is triable by the judge without a jury under the express provisions of § 297, Title 26, Code of 1940, which provides. inter alia: "* * * such court may hear and determine such controversies in a summary manner. The decision of the judge hearing the same shall be conclusive and binding between the parties, subject to the right of appeal in this article provided for. B. *Jury trial*. When wilful misconduct on the part of the employee is set up by the employer, as it is provided for herein, the employer may, upon appearing, demand a. jury to hear and determine, under the direction of the court, the issues involved in this defense. If the employer fails to demand a jury upon appearing, the employee may demand a jury to try such issues, by filing his demand within five days after the appearance of the employer. When a jury is demanded by either party, the court must submit the issues of fact as to wilful misconduct set up by the employer to the jury, for a special finding of the facts subject to the usual powers of the court over verdicts rendered contrary to the evidence or the law, but the judge must determine all others questions involved in the controversy without a jury. * * *"

It is familiar law that the right and liability created under the elective compensation acts are new rights and liabilities unknown to the common law and in providing for the enforcement and trial of such rights,. it is within the competency of the legislature to provide for the trial of the issues of fact by the judge without the intervention of a jury.

"It is well understood that the constitutional guaranty of trial by jury only extends to cases in which the right existed when the Constitution was adopted. This. includes all purely legal claims which were known to the common law and which had no element of equitable cognizance in their composition, and in which a trial by jury existed. Montgomery & F. Ry. Co. v. McKenzie, 85 Ala. 546, 5 So. 322; Cook v. New York Condensed Milk Co., 100 Ala.

580, 13 So. 685; State v. Bley, 162 Ala. 239, 50 So. 263; In re One Chevrolet Automobile, 205 Ala. 337, 87 So. 592; Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A.L.R. 671; Yauger v. Taylor, 218 Ala. 235, 118 So. 271." Tillery v. Commercial Nat. Bank of Anniston, 241 Ala. 653, 4 So.2d 125, 127.

In upholding the constitutionality of the Alabama Elective Workmen's Compensation Act in Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879, 880, attacked on a "quarter of an hundred different grounds", it was observed:

"The following considerations justifying acts of this character under the police power were stated in the Jensen Case [Jensen v. Southern Pac. Co., 215 N.Y. 514, 109 N.E. 600, L.R.A.1916A, 403, Ann.Cas.1916 B, 276] (we quote the headnote):

" 'It protects both employer and employee, the former from wasteful suits and extravagant verdicts, the latter from the expense, uncertainties, and delays of litigation in all cases, and from the certainty of defeat if unable to establish a case of actionable negligence.'

"And if the police power be not sufficient to account satisfactorily for all these stipulations of the act, they may be justified on the ground that they become part and parcel of the express or implied agreement between the parties to abide by the provisions of the act made for the benefit, in the long run, of both employer and employee. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803." See 58 Am.Jur. pp. 575-579, §§ 1-6; p. 872, § 461.

We are, therefore, of opinion that it was the duty of the court to determine the issues without the intervention of a jury. The court, therefore, erred in refusing the plaintiffs' motion to strike the defendant's demand for trial by jury. Unless the respondent is content to vacate and set aside said order and proceed with the hearing of the case as provided in the statute a peremptory writ of mandamus will issue.

Writ granted conditionally.

LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.