# WHEELING.

## WATKINS *v.* WORTMAN, *et al.*

Submitted June 13, 1881.   Decided December 3, 1881.

1. W. filed his bill in chancery against Wortman and his wife and Workman alleging the recovery by him of a judgment in Ohio against Wortman ; that execution issued thereon and was returned unsatisfied ; that Wortman had removed to this State and purchased two tracts of land, and paid for them ; that one of the tracts he had caused to be conveyed to his wife with intent to defraud his creditors ; that the other tract had been conveyed to Workman, that whether this was accidentally so done or was designedly done, it was equally fraudulent as to creditors ; that there was no personal property, out of which the debt could be made ; that unless those two tracts were subjected to the payment of his debt, it would be lost.  HELD :

   A demurrer to this bill was properly overruled.

2. Whether the allegation of the bill as to the second tract of land was sufficient or not, the allegation as to the first tract being sufficient to give a court of equity jurisdiction, it was proper to include any other property of the debtor, so that it could be first made liable in protection of the alleged voluntary or fraudulent vendee.

`3. A foreign judgment is a debt; and a suit in equity can be maintained on it to avoid a fraudulent or voluntary conveyance without first obtaining a judgment at law in this State under § 2 chapter 133 of the Code of 1868.

4. A judgment obtained in Ohio, if not barred there, is not barred in this State under § 13 chapter 104 of the Code of 1868, subject to the exception in said section contained.

5. Sections 22 and 23 of chapter 130 of the Code of 1868 do not alter the common law rule of evidence, that husband and wife are not competent witnesses for or against each other except in an action or suit between themselves.

6. A deposition is excluded by the circuit court upon exceptions. Whether the deposition was properly excluded or not is immaterial if the reading of it would not have altered the result.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Tyler rendered on the 20th day of May, 1880, in a cause in said court then pending wherein John Watkins was plaintiff, and J. F. Wortman and others were defendants, allowed upon the petition of said defendants.

Hon. James M. Jackson, judge of the fifth judicial circuit rendered the decree appealed from.

PATTON, JUDGE, furnishes the following statement of the case :

John Watkins filed his bill in chancery in the circuit court of Tyler county against John F. Wortman, Susan Wortman and John F. Workman, alleging that on the 29th day of April, 1856, he recovered a judgment against John F. Wortman in the court of common pleas of .Belmont county, Ohio, for the sum of $406.41 ; that an execution went into the hands of the sheriff of said county, which was returned unsatisfied except to the extent of $5.60, which was endorsed on the execution ; that within the last three years said Wortman and his family had removed to the county of Tyler, and were then residents of that county ; that he had purchased two parcels of land, one of four acres and the other of seven acres; that he had paid the purchase-money for these lands and fraudulently had the title to the first tract made to his wife, Susan Wortman, and the title to the second tract made to John F. Workman. He alleges in the bill, that Wortman has no personal property, out of which the debt can be made, and unless said two tracts of land can be and are subjected to its payment, he

will lose his debt. He prays, that these lands may be sold to satisfy the debt, and for general relief.

The language of the bill in charging the fraudulent design as to the first tract of land is as follows:

"Plaintiff represents and charges, that said John F. Wortman himself and out of his own means paid for the said four acres of land, and that said land was to all intents and purposes the land of said John F. Wortman, after he had paid for the same as aforesaid; and plaintiff charges, that said John F. Wortman acted fraudulently and intended so to act towards his creditors, and especially towards the plaintiff, by directing and causing the deed aforesaid to be made to his wife, Susan Wortman, one of the defendants."

The language of the bill as to the second deed is as follows:

"Plaintiff says, that said John F. Wortman had the said deed from Moore and wife in his possession, and had the same recorded, and had a fair opportunity to read and examine the same, and that he did so examine it; and that he, Wortman, well knew before the said deed was placed upon record, that the conveyance was to *Workman* and not to *Wortman,* and might have had the same corrected, but did not do so, and thereby acted fraudulently towards the plaintiff and his (Wortman's) other creditors. Plaintiff says, whether said conveyance by Moore and wife to John F. Wortman was made by *mistake* or by *direction of said John F. Wortman,* it operates as a fraud upon the plaintiff. Plaintiff says, that said two tracts of land ought to be and are upon the principles of equity subject to the payment of the aforesaid judgment as claimed by the plaintiff."

The defendants, Wortman and wife, appeared and demurred to the bill; and the demurrer was overruled by the court. They then answered the bill alleging the payment of the debt, denying the fraud charged in the bill, and claiming that the tract of four acres of land was purchased by Mrs. Wortman with the resources of her separate estate, and the deed was therefore properly made to her, and the land was in no wise liable for his debts; that the deed to Workman was made to Wortman, and the name was misspelled. They also set up the statute of limitations as a bar to the complainant's recovery. There was also an attachment issued and levied upon

these lands for the benefit of the complainant. A motion was made to quash the attachment, which was overruled by the court, and upon issue joined on a plea in abatement to the attachment a jury found a verdict for Watkins. A great many depositions were taken in the cause, amongst others the depositions of Wortman and his wife. His deposition was excepted to, so far as it related to his wife's separate estate and the facts in regard to the purchase of the land by her. Her deposition was excepted to, because it was taken after the final hearing of the cause. The exceptions to both depositions were sustained.

On the 20th of May, 1880, the court pronounced a decree, directing, that unless the debt amounting as of that time to the sum of $969.09 should be paid within sixty days from the rising of the court, the two tracts of land should be sold to satisfy the debt.

Wortman and wife obtained an appeal and *supersedeas* to this Court.

*Ewing & Riley* for appellants cited the following authorities: Story Eq. Pl. (8th ed.) § 251 a; 2 Ohio Rev. Stat. (1881) § 5380; *Id.* (1860) p. 1067; Code W. Va. p. 631 § 2; 6 W. Va. 168; 10 W. Va. 130; 2 H. & M. 309; 12 Leigh 204; 2 Cal. 99; Code W. Va. ch. 125 § 57.

*Henry M. Russell* for appellee cited the following authorities: 11 W. Va. 122; Drake on Attach. § 112; 2 Metc. (Ky.) 137; 2 W. Va. 449; 8 Rob. (La.) 30; 2 Dev. & Bat. 502; 27 Wis. 498; 33 Tex. 720; 46 Miss. 570; 1 Mo. 651; 60 Mo. 172; 26 Ala. 670; 2 H. & M. 308; 15 Gratt. 61; 12 Leigh 204; 13 W. Va. 526; 10 W. Va. 130; Code ch. 104 § 13; 2 Ohio Rev. Stat. (1881) § 5630; *Id.* (1860) p. 1067; *Id.* (1881) §§ 5367, 5368; *Id.* (1860) pp. 947, 948; 11 W. Va. 122; 16 W. Va. 443; Code ch. 130 § 35.

*D. F. Pugh* for appellee cited the following authorities: 21 La. St. 131; 9 Mo. 55; 1 Tenn. Chy. 71; 6 W. Va. 36; 2 Barb. Chy. 106; 9 C. E. Green 41; 2 Phill. 534; Code ch. 133 § 2; 1 Pomroy Eq. Juris. §§ 231, 232, 233; Drake Attach. § 431; 31 Ala. 659; 1 La. Ann. 372; 2 La. Ann. 154; 14 La. Ann. 821; 41 How. Pr. 6; 8 Abb. (N. Y.) Pr. N. S.

287; 6 W. Va. 180; 20 Gratt. 344; 15 W. Va. 455; 1 Paige Chy. 220; Rev. Stat. Ohio §§ 3180, 3182; 3 Swan & Critchf. Rev. Stat. ch. 1325 § 1; Code ch. 104 § 13; 15 Ohio St. 364; 6 Ohio 522; 1 Bates Pl. 503; 35 Ohio St. 430; Rev. Stat. Ohio §§ 5367, 5368; *Id.* § 5380.

PATTON, JUDGE, announced the opinion of the Court:

The court below did not err in overruling the demurrer to the bill. A foreign judgment is a debt, for the recovery of which the creditor is entitled to all the remedies applicable to other debts. It is not necessary to bring an action at law upon such a judgment before instituting a chancery suit to avoid a fraudulent conveyance by the debtor. The second section of chapter 133 of the Code of 1868 provides: "A creditor before obtaining judgment or decree for his claim may institute any suit to avoid a gift, conveyance, assignment or transfer of or charge upon the estate of his debtor, which he might institute after obtaining such judgment or decree, and he may in such suit have all the relief in respect to said estate, which he would be entitled to after obtaining a judgment or decree for the claim, which he may be entitled to recover."

The bill alleges the debt; that there is no personal property, out of which it can be made; the purchase by Wortman of two tracts of land; the payment of the purchase-money by him and the conveyance of one tract of land to his wife, and the other to John F. Workman; that this conveyance to the wife was fraudulent as to his creditors and was so intended and especially towards the complainant. I do not see well how the charge of fraud could have been more distinctly made, although it might have been expressed with more technical precision and might have been couched in better legal phraseology; but substantially it is a distinct averment of fraud with all the circumstances necessary to constitute fraud. *Hunter's ex'rs* v. *Hunter et als.*, 10 W. Va. 321; *Lockhard & Ireland* v. *Beckley,* 10 W. Va. 87; *Rose & Co. et al.* v. *Brown et ux.,* 11 W. Va. 122.

As to the second deed it is not necessary to determine, whether the averments of fraud are sufficient, because if the averment as to the one tract is sufficient, that gives the court jurisdiction; and it was eminently proper to bring before the

court any other property owned by the debtor, that it might be exhausted in protection of the grantee in the alleged fraudulent or voluntary conveyance. The proof in the case showed, that the conveyance of that property was intended to be made to Wortman and his name was simply incorrectly spelled. The whole subject of voluntary and fraudulent conveyances has been so frequently before this Court in a number of cases, that it will be unnecessary to do more than simply to refer to them.    *Vide Hunter's ex'rs* v. *Hunter et als.,* 10 W. Va. 321; *Lockhard & Ireland* v. *Beckley, Id.* 77; *Rose & Co. et al.* v. *Brown et ux.,* 11 W. Va. 122; *Hale* v. *The West Virginia Oil and Oil Land Co., Id.* 229; *Goshorn's ex'r* v. *Snodgrass,* 17 W. Va. 717.

As to the statute of limitations it does not apply in this case. Section 13 of chapter 104 of the Code of 1868 provides: "Every action upon a judgment or decree rendered in any other state or country shall be barred, if by the laws of such state or country such action would there be barred, and the judgment or decree be incapable of being otherwise enforced there."

By the law of the State of Ohio there is no bar to an action on a judgment under twenty-one years. Ohio Revised Statutes, 1860, pp. 947, 948, 1067, ed. 1880, §§ 5367, 5368, 5380; *Tyler* v. *Winslow,* 15 Ohio St. 364. This judgment was rendered on the 29th day of April, 1856, and this suit was brought on the 17th day of June, 1869, a little more than thirteen years after.

The exception to the deposition of John F. Wortman was well taken. It has been held by this court in four cases, *Hill et ux.* v. *Proctor,* 10 W. Va. 59; *Rose* v. *Brown,* 11 W. Va. 122; *Lawrence* v. *Du Bois,* 16 W. Va. 443; *Zane* v. *Fink* 18 W. Va. 693, that the statute (twenty-second and twenty-third sections of chapter 130 of the Code of 1868) does not alter the common-law rule of evidence, that the husband and wife cannot be witnesses for or against each other, except in an action or suit between themselves; that exception was properly sustained by the circuit court.

As to the exception to the deposition of Susan Wortman it is only necessary to say, that it is immaterial whether that deposition was properly or improperly excluded by the circuit

court. If it had been read, it could not have altered the re-sult in this case, the conclusion upon the facts being inevitable with or without that deposition. Hence it is not necessary to determine, whether it was properly excluded or not.

The evidence in this case shows clearly, that the claim of the complainant has not been paid, and equally clearly, that Susan Wortman had no separate estate, out of which she could have purchased the property in controversy; that the property was purchased by him and paid for by him; and that the deed was made to her at his instance with a view to defraud his creditors. It is not necessary to refer in detail to the evidence, as it is conclusive. Whether it was a fraud in fact or not, it was certainly a voluntary conveyance, which as to an existing creditor was void.

A good deal was said in the argument of this cause as to the validity of the attachment and the pleadings thereto. I have not deemed it necessary to refer to those questions. They cannot affect the decree pronounced in the case as to the parties to this controversy; and it does not appear, that the rights of third parties have intervened. This was the view taken by this Court in the case of *Goshorn's ex'r* v. *Snodgrass*, 17 W. Va. 717, under similar circumstances.

I am of opinion to affirm the decree of the circuit court with costs to the appellee and damages according to law.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED.