# CHARLESTOWN.

## TUFT *v.* PICKERING, *et al.*

Submitted September 10, 1886.—Decided September 18, 1886.

Where a plaintiff seeks to avoid a fraudulent conveyance and subject the property conveyed to the satisfaction of his debt, he may sue in equity upon a legal demand, before he has obtained judgment thereon.

*D. H. Leonard* for appellant.

No appearance for appellee.

SNYDER, JUDGE:

Suit in equity brought, September 1883, in the circuit court of Wirt county by E. L. Tuft against H. B. Pickering, Mary, his wife and W. A. McCosh. The defendant H. B. Pickering filed a demurrer in writing to the bill, which being argued was sustained by the court and a decree entered October 27, 1884, dismissing the bill with costs. From this decree the plaintiff has appealed.

At the time the suit was commenced, the plaintiff filed his affidavit and sued out an attachment against the property of the defendants, H. B. Pickering and Mary his wife, which was levied on certain articles of personal property. A motion was made to quash the attachment, and depositions were taken in support of the allegations of the plaintiff's bill. But inasmuch as no action was taken by the circuit court on the attachment or the proofs, the bill having been dismissed on demurrer alone, the only question before this Court is,

whether or not the circuit court erred in dismissing the bill on the demurrer.

The bill alleges, that the defendant H. B. Pickering is indebted to the plaintiff in the sum of $401.70 by account for money, goods and merchandise; that said defendant had purchased two tracts of land lying in Wirt county, the one from C. T. Caldwell, containing ninety-seven acres, and the other from the defendant, W. A. McCosh, containing fifty one acres; that before all the purchase-money had been paid for said lands, or deeds made therefor to said defendant, the plaintiff, at the request of defendant, furnished to him the money and goods aforesaid to aid him in paying for said lands, and that the same were used for said purpose; that, with the intent to delay, hinder and defraud the plaintiff and other creditors, the said defendant had caused the legal title to said lands to be conveyed by Caldwell and McCosh to his wife, the defendant Mary Pickering, who has the deeds therefor in her possession but has failed to have them recorded; that said Mary had no separate estate before or at the time said lands were purchased and paid for; that the lands were paid for by her husband, or, if paid for by said Mary, the same was done with money furnished her by her husband to defraud his creditors; and that the defendant McCosh has a vendor's lien on the fifty-one acres for a part of the purchase-money still unpaid. The prayer is, that the said deeds to the said Mary may be held void and set aside as to the plaintiff's debt, the said lands sold to pay said debt and costs, and for general relief.

The specifications of the grounds of the demurrer are, *First*, that the bill is multifarious, because it seeks to charge the defendant with an account and also to set aside certain deeds mentioned therein; *Second*, that the bill sets up a joint account against the defendants, H. B. Pickering and Mary his wife; *Third*, that the account of the plaintiff is a legal demand, for which he has a complete remedy at law, and therefore equity has no jurisdiction; and *Fourth*, C. T. Caldwell, the grantor in the deed for the ninety-seven acres, should have been made a defendant in the bill.

The said second ground is not sustained by the facts. The bill does not assert a joint demand against Pickering and

wife but against the former alone. The other grounds are so plainly untenable that any serious consideration of them seems hardly warrantable. In order to entitle the plaintiff to call upon the court to set aside the conveyances alleged to have been fraudulently made, it was essential that he should aver that he had a debt or other demand against the party who had procured said conveyances. It was therefore necessary for him to charge in his bill, not only that the conveyances were fraudulent, but also that he had a demand against the defendant, with which he had the right to charge the lands conveyed. These allegations were necessary to constitute a single cause of action, and consequently they did not make the bill multifarious. It was not necessary to make Caldwell a defendant. He had no interest in the subject-matter of the suit; he had parted absolutely with the legal title to the land, and no charge was made or relief asked against him in any manner.

Our statute expressly provides, that a creditor shall not be required to sue and obtain a judgment at law before proceeding in equity to set aside a fraudulent conveyance and to subject the estate conveyed to the payment of his debt. He may in the first instance proceed in equity upon a mere legal demand and obtain all the relief against such estate, that he could have obtained, if he had first recovered a judgment at law. Sec. 2, ch. 133 Code; *Watkins* v. *Workman,* 19 W. Va. 78, 82.

It is clear that the court should not have sustained the demurrer on any of the grounds assigned. It seems to me the bill contains allegations sufficient not only to give equity jurisdiction, but to entitle the plaintiff to the relief prayed for, if the facts alleged are true, as we must regard them on demurrer. This will manifestly appear by comparing the bill here with other bills of a similar nature found in cases decided by this Court. *McMasters* v. *Edgar,* 22 W. Va. 673; *Lockhard* v. *Beckley,* 10 W. Va. 87; *Hunter* v. *Hunter,* 10 W. Va. 321; *Rose* v. *Brown,* 11 W. Va. 122.

The decree of the circuit court must be reversed, the defendant's demurrer overruled, and the cause remanded for further proceedings.

REVERSED. REMANDED,