96    465
96    477

96    465
100    582
100    583

# Montgomery & Florida Railway Co. *v.* McKenzie.

# Southern Railway Construction Co. *v.* McKenzie.

*Bill in Equity by Creditors of Insolvent Corporation, for Discovery of Assets.*

1. *Discovery in equity by creditor without lien; right of trial by jury.* The statute (Code, § 3545) authorizing a creditor without a lien to file a bill in equity for the discovery of assets is not violative of the constitutional guaranty that "the right of trial by jury shall remain inviolate" (Cons. of Ala. Art..1, § 12). (McCLELLAN, J. dissenting.)

2. *Amendment of bill of discovery.*—A bill in equity filed by a creditor without a lien, for the discovery of the assets of the debtor, may be amended so as to show that there are other secreted assets, which were not specified in the original bill, and to seek a discovery as to such additional assets also.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. JOHN, A. FOSTER.
30-96.

[Montgomery & Florida Railway Co. v. McKenzie.]

The former report of these two cases sufficiently shows the nature of the original bills.—85 Ala. 546. After the remandment of the cases the complainant filed an amendment to each of the bills, making the directors of the defendant corporations parties defendant, and averring that the same persons were the stockholders, directors and officers of the two companies; that by some fraudulent arrangement they have undertaken to discharge their liability on their stock subscriptions; that as directors of the railway company they contracted with themselves in the name of the construction company to build the railway at extravagant and unreasonable rates; and that the bonds of the railway company which they issued to themselves for work done in the name of the construction company were not used or applied in the payment of the debts of the construction company, but were fraudulently disposed of. The amendments embodied interrogatories to the several defendants, based upon the allegations of the bills as amended, and prayed that the assets of the respective corporations which might be discovered be subjected to the payment of the complainants' demands. In each case there was a demurrer by the defendant corporation to the bill as amended, upon several grounds; the principal grounds being, that the complainants are not judgment creditors, that they have not exhausted their remedies at law, that they have no lien, and that the bill seeks a discovery of property which it alleges has been fraudulently disposed of. And in each case the defendant corporation specially demurred to the amendment above referred to, on the grounds, that the amendment makes a new and different case, and that it is a departure from the original bill, in seeking to discover and reach assets fraudulently disposed of. The chancellor overruled the demurrers in each case, and his decrees are now assigned as error.

TOMPKINS & TROY, and STRINGFELLOW & LeGRAND, for appellants, filed a written argument against the constitutionality of section 3545 of the Code, and cited many authorities, including the following: *Adams v. Munter*, 74 Ala. 343; *Hawley v. Bibb*, 44 Ala. 722; *Ex parte Dorsey*, 6 Porter, 367; *Youngblood v. Youngblood*, 54 Ala. 487; *Plumpton v. Town of Somerset*, 33 Vt. 291; *Grand Chute v. Winegar*, 15 Wal. 375; *Anderson v. Anderson*, 64 Ala. 405; *Weaver v. Lapsley*, 43 Ala. 230; *Scott v. Neely*, 140 U. S. 106; *Wommack v. Holloway*, 2 Ala. 34; *Davis v. State*, 68 Ala. 63; *Dorman v. State*, 34 Ala. 236; Cooley on Cons. Lims, p. 85; 1 Pomeroy's Eq. Juris. § 191; 3 *Ib*, § 1415; Bump on Fraudulent Conveyances Vol. 96.

[Montgomery & Florida Railway Co. v. McKenzie.]

(3d Ed.), pp. 523, 524 and 533 ; 8 Am. & Eng. Ency. of Law, 774.

R. H. CLARKE, W. A. GUNTER, and J. C. RICHARDSON, *contra.*

STONE, C. J.—This is the second appeal in these cases. 85 Ala 546. The main question presented and argued on the present appeal is the identical question we considered and decided on the former appeal. It involves the constitutionality of section 3545 of the Code of 1886—of the right of a creditor at large without lien or judgment to maintain a bill "for the discovery of the assets of the debtor, subject to the payment of debts." The contention is that the statute violates section 12 of our bill of rights, which ordains "that the right of trial by jury shall remain inviolate."

The present appeal seeks to have a revision and reversal of this court's former ruling. The question has been ably argued. It can not be denied that many courts of the highest character have reached a conclusion that differs from ours. The authorities are collected in the brief of counsel. But they are not uniform. There are decisions of highly respectable courts the other way.—*Bernard v. Myroleum Co.*, 147 Mass. 356; *Tuft v. Pickering*, 28 W. Va. 330. See also *Balls v. Balls*, 69 Md. 388; *Com. v. Waller*, 24 Amer. Rep. 154; 3 Pom. Eq. (2d ed.), § 1415, note 1, on p. 2183.

We have very many rulings on the identical question raised by this ground of demurrer, all sustaining the constitutionality of such legislation. Many of them are collected in the opinion rendered on the former appeal in this case. To these may be added *Lawson v. Warren*, 89 Ala. 584; *McGhee v. Importers & Traders Natl. Bank*, 93 Ala. 192; *Va. & Ala. M. & M. Co. v. Hale*, Ib. 542; *Gibson v. Trowbridge Furniture Co.*, Ib. 579; *Corey v. Wadsworth*, (Mss.); *Goodyear Rubber Co. v. George D. Scott Co.*, ante p. 439; *Miller v. Lehman*, 87 Ala. 517; *Thompson v. Tower M. Co.*, Ib. 733; *Lehman v. Greenhut*, 88 Ala. 478; *McCullough v. Jones*, 91 Ala. 186; *Tower Manufacturing Co. v. Thompson*, 90 Ala. 129; *Jones v. Smith*, 92 Ala. 455; *Sweetzer v. Buchanan*, 94 Ala. 574. See also *Bombeyer v. Turner*, 13 Ohio St. 263; s. c. 82 Amer. Dec. 438. We will adhere to our former ruling, and hold that the demurrers based on this ground were rightly overruled. To hold differently would be, not only to depart from very many solemn rulings of this court in which all the members have concurred, but to overturn a remedial procedure which, it is believed, has worked well.

When the bills were returned to the Chancery Court,

amendments were offered and allowed; and additional de-murrers were interposed, alleging that such amendments made a new and different case; that they sought to discover and reach assets fraudulently disposed of, and that the amendment was a departure from the original bill. Our statute allowing amendments in chancery is exceedingly liberal.—Code of 1886, § 3449 and note. There is nothing in these demurrers. The bills and amended bills are in no sense incompatible or repugnant to each other. The amend-ments charge other secreted assets sought to be discovered and reached, and all in promotion of the one purpose of the original bill, which was to reach assets not in sight, or amenable to legal process, and to have them applied to the payment of the debts described in the bill.—3 Brick. Dig., 380, §§ 208, 209, 219, 220.

The decretal orders of the Chancellor are affirmed.

THORINGTON, J., not sitting.

