# Cook *v.* Schmidt & Ziegler.

*Bill for Discovery.*

1. *Constitutional law; Code 1886, § 3545.*—Code 1886, § 3545, providing that a creditor without a lien or judgment may maintain a bill for the discovery of the assets of the debtor, does not violate Const. Art. 1, § 12, providing that the right of trial by jury shall remain inviolate.

2. *Injunction before answer.*—An injunction may properly be issued on a bill filed under Code 1886, § 3545, before the coming in of the defendant's answer disclosing assets.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. J. N. WILLIAMS.

The bill in this case was filed by the appellees, who were simple contract creditors, against Geo. W. Cook; and prayed for a discovery and injunction. The allegations and grounds of relief are substantially the same as those contained in the case of *Geo. W. Cook v. New York Condensed Milk Co.*, ante page 580; the cause was submitted on similar motions and similar demurrers. The appeal is prosecuted from a decree of the chancellor overruling said motions and demurrers.

A. A. WILEY and W. S. THORINGTON, for the appellant.

RICHARDSON & REESE, for the appellees.

COLEMAN, J.—The bill was filed under section 3545 of the Code, which authorizes a creditor without a lien or judgment to file a bill in a court of chancery for the discovery of the assets of the debtor, subject to the payment of debts. The constitutionality of the act, and the right of a creditor to relief under its provisions, has been thoroughly considered by this court and should be regarded as settled law in this State. If we understand the argument

[Cook v. Schmidt & Ziegler.]

of appellant's counsel it concedes the constitutionality of the act which authorizes such a creditor to file a bill to reach assets which have been conveyed by his debtor to hinder, delay and defraud his creditors. As was said in the case of *Montgomery & Florida R. R. Co. v. McKenzie*, 96 Ala. 465. "We are not able to draw the distinction." The grantor in the one case as well as in the other, has the right to demand a jury to determine the question of indebtedness *vel non.* If there is no debt due complainant there is no fraud as against him in either case, and whatever may be the proof of fraud, he is not entitled to relief, until his debt has been established and determined by a decree of the court. The same argument with as much propriety and force could be made in every case where the controversy involves both legal and equitable questions and both must be settled to administer complete justice between the parties, and yet it is not denied, that when a court of equity acquires jurisdiction for one purpose, it will retain the case "and administer complete justice although in doing so it decides questions of purely legal cognizance."

A vendor's lien is a claim of purely equitable cognizance, and it may exist and be enforced, although there is no written evidence of the indebtedness. Why is not the vendee entitled to a trial by jury to determine first whether he owes the debt? *Indebitatus vel non* is a question purely of law. Equity alone has jurisdiction of the lien, but having jurisdiction for the purpose of the lien, it determines the law question of indebtedness, and decrees the debt, and then condemns not equitable assets, but land, which is subject to execution from a court of law.

It is upon this principle that the constitutionality of the act rests. Why is not a debtor who "secretes," "hides out" his assets which are liable for his debts, to prevent his creditor from reaching them, guilty of as much fraud, as one who puts them in the name of a third person for the same purpose, where they are discovered by the creditor? The facts averred in the present bill, if true, show not only fraud in the defendant, which would give the court of chancery jurisdiction, but the necessity of a discovery is also shown. We are content with the conclusion reached by this court, although there are courts of very high standing which hold the contrary.

We will cite the following decisions of our own court, and the authorities referred to in them.—*Montgomery & Florida R. R. Co. v. McKenzie*, 85 Ala. 546; *Ib.* 96 Ala. 465; *Lawson v. Warren*, 89 Ala. 585 ; *Sweetzer v. Buchanan*, 94 Ala. 574.

[Kelly v. Richardson, Ex'r, &c.]

A receiver was prayed for, but none seems to have been appointed, and we need not consider any question in reference to the appointment of a receiver.

We are of opinion there is nothing in the statute which forbids the issue of an injunction before answer filed. To delay the order until the defendant saw proper to file an answer, would no doubt, in many cases defeat the purpose for which the bill was filed. We find no error in the record.

Affirmed.