## Pollak *et al* v. Billing

*Bill in Equity for Discovery of Assets.*

1. *Bill for discovery; can be maintained by simple contract creditor.*—A simple contract creditor can maintain a bill under the statute (Code, § 819), for the discovery of assets of his

[Pollak *et al.* v. Billing.]

debtor, and to subject them to the payment of debts alleged to be due by the debtor to him, (Code, § 821).

2. *Same; sufficiency of averments.*—A bill for discovery which avers that the complainant is informed and believes and so states that his debtor has property or assets inaccessible under legal process, or an interest in property real or personal or choses in action which are not accessible under legal process, which are liable to the satisfaction of his debts to complainant, but that the kind and description of such property and how it is held is kept and concealed and hidden out and is unknown to complainant, and that the discovery of same by the defendant is necessary to enable the complainant to reach and subject the same to the satisfaction of the demands owing to him by his debtor, is sufficient in its averments as to the insufficiency of visible assets, for the payment of complainant's indebtedness, and the existence of other assets not subject to legal process which are kept concealed and hidden out by the defendant debtor.

3. *Same; not necessary to show fraudulent conveyance.*—In order to maintain a bill for the discovery of assets and to subject them to the payment of debts alleged to be due by the debtor to the complainant, it is not necessary that the bill should show any fraudulent conveyance or attempt to fraudulently convey property. It is sufficient if it avers the insufficiency of visible assets subject to legal process and the existence of assets which are concealed and hidden out.

4. *Same; when not affected by answer under oath being waived.* A bill for discovery is not subject to demurrer because answer under oath of its several paragraphs is waived, when it contains interrogatories addressed to the defendants, for the purpose of ascertaining the character and location of the assets, which are averred to have been hidden out and concealed by the debtor, and answer under oath to such interrogatories is required.

5. *Statute of limitations; essentials of promise to remove bar.* The essentials to such a promise as will remove the bar of the statute of limitations are, that there must be a clear and definite acknowledgment of the debt, a specification of the amount due, or a reference to something by which such amount can be definitely and certainly ascertained, and an unequivocal promise to pay.

6. *Waiver of protest; sufficiency of consideration.*—The agreement of a creditor not to presently sue a debtor constitutes a sufficient consideration for a waiver of the failure to protest and give notice of non-payment of bills of exchange and notes upon which the debtor was endorser.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellee, F. M. Billing, against the appellants, Ignatius Pollak and others. In addition to the averments of the bill as set forth in the opinion, it was further averred that Pollak had an interest in certain named corporatons and that certain named persons held in trust lands and property in which he had an equitable interest; that he had a vendor's lien for the purchase money of certain described real estate sold to certain persons or corporations; that Pollak was the equitable owner of a vast amount of property held by certain named persons or corporations, but that the same were not visible to complainant and were not accessible to process; that the complainant did not know and could not know the particulars and extent of all the property owned by said Pollak and the title thereto without discovery of the same. There were also the followinge additional averments contained in said bill: "Orator is informed and believes, and upon such information and belief avers and states, that if the said Ignatius Pollak should dispose of his property and assets which are equitable in nature and not subject to legal process, orator would be wholly remediless in his efforts to collect the debts of said Pollak justly due and owing to him, and without an injunction against the said Ignatius Pollak restraining and enjoining him by himself or through his agents or attorneys from selling, disposing of or encumbering such assets and property, orator will be in great danger of losing the fruits of a decree in his favor in this cause, and of failing to subject such property and assets to the payment of the just debts of said Pollak to orator."

Ignatius Pollak and the certain persons and corporations averred in the bill to be the holders in trust of the property alleged to belong to said Ignatius Pollak were made parties defendant. There was included in the bill interrogatories addressed to Ignatius Pollak and other parties defendant. The purpose of these interrogatories was to disclose the character and location of the assets

which it was averred Pollak had hidden out and concealed.

The prayer of the bill was as follows: "And upon the hearing, orator prays that your Honor will refer it to the register to ascertain and report in what sum the said Ignatius Pollak is indebted to complainant, and that your Honor will render a decree in favor of complainant against the said Ignatius Pollak therefor. And that your Honor will by proper orders and decrees discover and ascertain what property, real or personal, or interest in property, real or personal, subject to the payment of debts, the said Ignatius Pollak has, and what moneys, effects and choses in action, and interest in moneys, effects and choses in action, subject to the payment of debts, the said Ignatius Pollak has, and whether such property, effects and choses in action are within or without the State of Alabama; and that your Honor will make all such orders and decrees as may be necessary and proper to reach and subject such property, money, effects and choses in action to the payment the debts due and owing by said Ignatius Pollak to complainant; that, for the purpose, your Honor will appoint a receiver, who shall be authorized under the order and decrees of this court to demand, sue for and recover, or otherwise to reduce to possession, all such property, moneys effects and choses in action. And that your Honor will require the said Ignatius Pollak and all other defendants to this cause to make to said receiver all conveyances, assignments and transfers which may be necessary and proper to enable such receiver to receive or to sue for and recover such property. That your Honor will grant unto complainant a writ of injunction restraining the said Ignatius Pollak, by himself or through his agents or attorneys, or otherwise, from selling, disposing of or encumbering his property or assets or any of them, whether legal or equitable in their nature, pending the determination of this cause; that your Honor will adjudge and decree that neither the said Helene nor Robert Pollak has any interest or claim in and to any of the said obligations of The Fair, purporting to be payable to S. Roman individually or as

·trustee for them, or, if the said Helene or Robert Pollak has any interest in the same, that such interest is subject to the claim of complainant thereto for the satisfaction of the debts of said Pollak."

The bill was amended by adding thereto the agreement entered into by Ignatius Pollak as to his obligations to Joshiah Morris & Co., which was the style of the firm under which F. M. Billings did business. This agreement is copied in the opinion.

The defendant Pollak made a motion to dismiss the bill for the want of equity, and also demurred to the bill upon the following grounds: "1. That it appears in and by said bill that the cause of action of the plaintiff accrued more than six years prior to the commencement of this suit, and that it is barred by the statute of limitations of six years. 2. That the said bill is not a bill of discovery, the oath thereto being waived, and the plaintiff does not show that his remedy at law has been exhausted by return of no property on an execution on a judgment against this respondent, and the bill is not filed to subject any specified property and is a fishing bill by a simple contract creditor for the collection of a legal demand whereby it appears that this court is without jurisdiction of said cause. 3. That said bill is not for discovery, nor for the condemnation of specified property, and it does not allege sufficiently the fraudulent conveyance or transfer or attempted fraudulent conveyance or transfer of any specific property." The defendant Pollak also filed several pleas. The first of these pleas set up that the cause of action set forth in the bill accrued more than six years prior to the institution of the suit, to-wit, in the year 1893, and that the same was barred by the statute of limitations of six years. The substance of the other pleas is sufficiently stated in the opinion.

Upon the submission of the cause upon the motion to dismiss, upon the demurrer to the bill and the exceptions to the sufficiency of the pleas, the court rendered a decree overruling the motion and the demurrer and sustaining the exceptions to the pleas. From this decree

the defendants appeal, and assign the rendition thereof as error.

GUNTER & GUNTER, for appellants.—The bill in this case was without equity.    The bill in such case does not operate upon the property at large of the debtor, but only on the particular property sought to be condemned as fraudulently conveyed, and may be filed against such property though the debtor has other property and other legal assets.—*Meyer v. Lehman,* 67 Ala. 396; *Carter v. Coleman,* 82 Ala. 177, and other cases cited in the Code; *O'Conner v. Coosa Furnace Co.,* 95 Ala. 614; *Cawthorn v. Jones,* 73 Ala. 84.

No man has a right to know anything about, or to have a discovery of the business or property of another even though he be a creditor, unless having a judgment with a return of "no property" he seeks a discovery of assets for his payment, or, being a creditor without a lien, he can aver and prove that the debtor has, to hinder, delay and defraud him, conveyed or attempted to convey away property — in which case also, the law (Code, § 818) puts him on a footing with the judgment creditor as to property thus fraudulently conveyed— allowing a bill to pursue or to discover and pursue such assets.—*Meyer v. Lehman,* 67 Ala. 396; *Scott v. Neely,* 140 U. S. 106.

The bill could not waive the oath to the answer.    It being nonsense to say, a discovery on oath is necessary and is the foundation of the jurisdiction, and yet expressly to waive the oath.—*Tarrent v. Rogers,* 39 Mich. 85; *Badger v. McNamara,* 123 Mass. 117; *Ward v. Peck,* 114 Mass. 121; Code, § 679; *Burras v. Looker,* 4 Paige, 227; *Stephenson v. Mothers,* 67 Ill. 123; *Wylder v. Crane,* 53 Ill. 490; *Walker v. Campbell,* 73 Tenn. (5 Lea), 354.

And in such case, not only can the answer not be waived as to the whole or part, but the plaintiff must show "that the discovery sought is indispensable to the ends of justice; or, in other words, that the facts, as to which the discovery is sought, cannot be otherwise proved than by the defendant's answer."—*Shackelford*

*v. Bankhead,* 72 Ala. 479; *Continental Ins. Co. v. Webb,* 54 Ala. 697; *Sullivan v. Lawler,* 72 Ala. 72.

The demurrer and plea of the statute of limitations are good. The bill shows that all the notes and bills sued on were due more than six years before the commencement of the suit. But the complainant sought to avoid this by the writing purporting to waive the statute of limitations.—*Miller v. Baschore,* 83 Pa. St. 356; *Landis v. Roth,* 109 Pa. St. 621; *Martin v. Broach,* 50 Am. Dec. 311; *Opp v. Wack,* (Ark.) 12 S. W. 565; *Richards v. Haden,* 57 Pac. 978; *Trustees v. Gilman,* 55 Miss. 143; *Smith v. Moulton,* 12 Minn. 352 (229); 19 Encyc. of Law, (2d ed.), 292.

Ray Rushton and Watts, Troy & Caffey, *contra.* The court has jurisdiction to subject equitable assets of defendant to payment of debts.—*Lucas v. Atwood,* 2 Stewart, 378, 382-3; *Brown v. Bates,* 10 Ala. 438; *Lynn v. Bolling,* 9 Ala. 469; 5 Ency. Pl. 411, note 1; 439; 447-8.

The assets of Pollak described in paragraphs 4 to 10 are equitable, such as land held in the names of third parties, stock, equitable interests in, and liens upon realty and personalty and other property not subject to levy and sale under execution issuing from a court of law.—5 Ency. Pl., 447, 451-2-3.

A simple contract creditor is a competent party complainant, and defendants are not deprived of any constitutional right of trial by jury.—*McKenzie's case,* 85 Ala. 546; 96 Ala. 465; *Lawson v. Warren,* 89 Ala. 584; *Sweetzer v. Buchanan,* 94 Ala. 574; *Wood v. Hudson,* 96 Ala. 469; *Cook v. Schmidt,* 100 Ala. 582; *Cook v. N. Y. Co.,* 100 Ala. 580.

The averments of the bill are sufficient to come within the statute.—*Lawson v. Warren, supra; Buchanan v. Sweetzer, supra; Brown v. Bates,* 10 Ala. 438.

Following the language of the statute is sufficient, and it is not necessary to aver fraud in terms.—*Brown v. Bates,* 10 Ala. 438-9; *Cook v. Schmidt,* 100 Ala. 583.

It is not necessary that oath be required to an answer. *Bromberg v. Bates,* 98 Ala. 621; Code, § 679.

. The renewal and waiver agreement effectually avoids the plea of limitations; it is unconditional and definite. *Wolffe v. Eberlein*, 74 Ala. 99; Code, p. 2611.

A new promise to pay all the debts, on some of which Pollak was not entitled to protest, in order to be charged, in consideration of a withholding of suit, is binding as to all the obligations.—1 Brandt on Suretyship, p. 142.

TYSON, J.—This bill was filed by a simple contract creditor for discovery of assets under section 819 of the Code, and to subject them to the payment of debts alleged to be due Pollak to complainant.—§ 821 of Code. It is averred that respondent Pollak is indebted to complainant in the sum of $20,000 or other large sum by his bills of exchange and promissory notes and other accounts in a large amount which is due and unpaid; that the said Pollak has not visible property or means subject to legal process of value sufficient to pay complainant, and "that orator is informed and believes and upon such information and belief states that the said Ignatius Pollak has property, means or assets not accessible under legal process or an interest in property real or personal or money, or effects or choses in action which are not accessible under legal process which are liable to the satisfaction of his debts to orator, but that the kind and description of such property and how it is held is kept concealed and hidden out and is unknown to orator and that a discovery of the same by defendants hereinafter named is necessary to enable orator to reach and subject the same to the satisfaction of said demands owing to orator by said Pollak." The bill contains interrogatories addressed to Pollak and the other respondents for the discovery of said assets and prays for such decrees as may be necessary to subject such assets to the indebtedness of complainant; for a receiver and for an injunction to prevent Pollak from disposing of the assets pending a determination of the cause.

In *Cook v. Schmidt & Zeigler*, 100 Ala. 582, speaking of the right of a simple contract creditor to maintain a bill under the statute, it was said: "The constitution-

ality of the act and the right of a creditor to relief under its provisions has been thoroughly considered by this court and should be regarded as settled law in this State." We see no ground for differentiating this case from the others where the jurisdiction of the court has been repeatedly sustained.

The bill sufficiently avers the insufficiency of visible assets for the payment of the indebtedness, and the existence of other assets not subject to legal process which are kept concealed or hidden out.

It is not necessary that the bill should show any fraudulent conveyance or attempt to fraudulently transfer property. It is sufficient if it avers the insufficiency of visible assets subject to legal process and the existence of assets which are concealed and hidden out. This the bill under consideration does.—*Sweetzer v. Buchanan*, 94 Ala. 574; *Lawson v. Warren*, 89 Ala. 584; *Sorrell v. Vance,* 102 Ala. 207.

The bill was also demurred to upon the ground that it is not a bill of discovery because answer under oath is waived as to all of it except the interrogatories incorporated therein. These interrogatories are directed to the ascertainment of the character and location of the assets which it avers the debtor has hidden out and concealed. This is the purpose of the discovery under the statute and answer under oath as to the character, location and interest of Pollak in the assets being required as contemplated by it (the statute), it cannot be said that the bill is not a bill of discovery thereunder.

The defense of the statute of limitations of six years was interposed by demurrer and by pleas. The bill as amended to which the demurrer and pleas were interposed contained the following agreement signed by Pollak of date July 12th, 1899: "Whereas I, Ignatius Pollak of said county and State, am justly indebted to Josiah Morris & Co. in several and divers bills of exchange and promissory notes as drawer, acceptor, indorser or maker, and desire to extend my liability thereon and therefor so that the statute of limitations will not bar the same, and in consideration that said Josiah Morris & Co. do not presently bring suit on my said ob-

ligations to them, I, the said Ignatius Pollak, do hereby acknowledge my obligation on *all* of said notes and bills as shown by the same and in the manner shown by the same, and that my indebtedness as shown thereby is just, correct, due and unpaid and for such consideration aforesaid, I hereby expressly and unequivocally renew such obligations and promise to pay the same, this promise and agreement being intended to renew and extend my obligations on such paper to the extent and as fully as if I had renewed each of such papers. And I also hereby waive my right to be discharged from any obligation on any of said notes or bills as indorsed or accepted by reason of any failure to have them protested at the time they fall due, and all protests on them are hereby waived."

The essentials of a promise to remove the bar of the statute of limitations is thus stated in *Chapman v. Barnes,* 93 Ala. 435: "There must be a clear and definite acknowledgment of the debt, a specification of the amount due or a reference to something by which such amount can be definitely and certainly ascertained and an unequivocal promise to pay." The agreement above quoted does not specify any debts, other than *all* bills of exchange and promissory notes upon which Pollak was then justly indebted to Josiah Morris & Co. He acknowledges his obligation on *"all"* of said notes and bills as shown by the same and in the manner shown by the same;" that his indebtedness as shown thereby is just and unpaid, and he "unequivocally" promises to pay them. It is manifest that by embracing *all* the bills of exchange and promissory notes outstanding in the hands of complainant on the 12th of July, 1899, upon which Pollak was acceptor, indorser or maker, the agreement furnishes the means by which the amount of the indebtedness covered by it could be definitely and certainly ascertained. This would appear upon the face of the bills and notes outstanding. The agreement was also an acknowledgment of the amounts of the bills and notes then outstanding as due and an unequivocal promise to pay the same. If the bill of complaint did not show that the notes and bills of exchange sought to be

[Pollak *et al.* v. Billing.]

collected were outstanding at the date of the agreement
the demurrer and pleas interposing the defense of the
statute of limitations necessarily do. The demurrer in-
volves the assertion that the bill shows that the cause
of action upon the notes and bills of exchange accrued
six years prior to the commencement of this suit, which
was on the 31st day of May, 1901. If the bill of com-
plaint does not show that the cause of action upon them
accrued six years before the commencement of the suit,
the demurrer is bad; if, on the other hand, the bill does
show such fact, the demurrer is equally bad for the
reason that the bill in such case would also show that
the notes and bills of exchange were outstanding on the
12th day of July, 1899, the date of the agreement. The
same may be said of the pleas. They aver that the obli-
gation sued upon accrued six years prior to the com-
mencement of the suit. If this be so, the bills of ex-
change and notes were necessarily outstanding at the
date of the agreement, which was not two years before
this bill was filed. This fact is all that is necessary for
the definite ascertainment of the amount of the indebted-
ness as to which the statute of limitations was waived.

In plea numbered three it is averred that the bills of
exchange and notes were not covered by the waiver of
the statute contained in the agreement because they were
not then subsisting obligations by reason of failure to
give Pollak notice of *non-payment* when they fell due.
This construction of the agreement of the waiver is too
narrow. The agreement did not leave the question open
as to whether Pollak was justly liable upon any of the
bills and notes then outstanding or whether he had a de-
fense thereto for future ascertainment. It was an ac-
knowledgment that he was justly indebted upon *all* of
them "as shown by the same and in the manner shown
by the same." That this was the intention of the parties
is further manifest from the fact that Pollak in and by
the agreement waived his right to be discharged from
his obligation on any of said notes or bills by reason of
failure to have them protested at the time they fell due.
The fact that Pollak was not then liable upon some of
the bills and notes outstanding was in the minds of the

34

parties, and the intention is clear that the agreement was to cover them and all others.

Plea two asserts that the waiver of protest was without consideration, and being made after the bill and notes had become due was of no effect. If a consideration were necessary to sustain a promise to pay after failure to give notice of non-payment (*Bolling v. McKenzie*, 89 Ala. 470), the agreement furnishes such consideration for the promise. It shows that the waiver of failure to protest and give notice, as well as the the waiver of the bar of the statute of limitations was in consideration of the agreement of Josiah Morris & Co. not to presently sue upon Pollak's obligations, upon some of which, we may add, he was liable as maker and not entitled to notice.

Affirmed.