# Sorrell *et al.* v. Vance & Kirby.

*Bill for Discovery of Assets.*

102  207|
†121  556|
102  207|
131  527|

1. *Lien of judgment; registration necessary.*—Under the act providing for the creation of judgment liens (Acts 1888-89, p. 60), the certificate of a judgment must not alone be filed in the office of the probate judge, but it must also be registered by the probate judge, before a lien attaches upon the property of the judgment debtor.

2. *Bill of discovery; filing certificate of judgment does not destroy its equity.*—A bill by a judgment creditor for discovery of assets of a judgment debtor subject to the payment of his debts is not demurrable on the ground that complainant can enforce the collection without resort to equity by reason of his having filed a certificate of his judgment in the office of the probate judge, when it is averred in the bill that, between the time of filing said certificate and the registration thereof by the probate judge, the judgment debtor disposed of all his

visible property to which the judgment lien could attach; the certificate of the judgment not being registered at the time of the conveyance, there was no lien.

APPEAL from the Chancery Court of Talladega.

Heard before the Hon. S. K. McSPADDEN.

This was a bill for discovery, filed by the appellees against the appellants. There were demurrers interposed by the defendants to the bill, which were overruled. The facts are sufficiently stated in the opinion. The defendants appeal, and assign the decretal order of the chancellor in overruling the demurrers as error.

CECIL BROWNE, for appellants. The bill, being a bill for discovery, must allege that the creditor has not visible property or other means accessible to legal process to satisfy the debtor's demand.—*Lawson v. Warren*, 89 Ala. 587, 8 So. Rep. 141; *McCullough v. Jones*, 91 Ala. 187, 8 So. Rep. 696; *Sweetzer v. Buchanan*, 94 Ala. 574, 10 So. Rep. 552; *Continental Life Ins. Co. v. Webb*, 54 Ala. 697. The averments of the bill show that there was no necessity for the complainant to resort to equity to enforce the collection of his judgment. The bill avers that the certificate of complainant's judgment was filed in the office of the probate judge prior to the sale of the stock of goods by the judgment debtor; and such filing constituted a lien upon the said stock of goods in favor of the complainant, who should have had his execution levied thereon.

E. H. DRYER, *contra*. The averments of the bill show that it contains equity as a bill for discovery.—*Sweetzer v. Buchanan*, 94 Ala. 574, 10 So. Rep. 552; *McCullough v. Jones*, 91 Ala. 186, 8 So. Rep. 696; *Lawson v. Warren*, 89 Ala. 587, 8 So. Rep. 141; *M. & F. R. R. Co. v. McKenzie*, 85 Ala. 546, 5 So. Rep. 322.

The fact that the certificate of the complainant's judgment was filed in the office of the judge of probate prior to the sale by the judgment debtor of his stock of goods, can not destroy the equity of the bill; since the filing of such certificate was not sufficient to create a lien. There must be a registration of such certificate by the probate judge before a lien attaches. The wording of the statute itself makes this necessary. The filing of the paper and

· its registration are two different things.—7 Amer. & Eng. Encyc. of Law, 690; 20 Amer. & Eng. Encyc. of Law, 721; *Enslen v. Wheeler*, 98 Ala. 200, 13 So. Rep. 473; *Motley v. Jones*, 98 Ala. 444, 13 So. Rep. 782; *Chemical Works v. Moses*, 89 Ala. 538, 7 So. Rep. 637.

HEAD, J.—Section 3545, Code of 1886, provides, that, "A creditor, having obtained a judgment at law upon which execution has issued and been returned 'no property found,' or a creditor without a lien or judgment, may, in the court of chancery of the district in which the judgment debtor resides, or in the court of chancery of the district in which the judgment was rendered, file a bill for the discovery of the assets of the debtor subject to the payment of debts; and the debtor must answer on oath, and disclose all property, real or personal, in which he may have, or may claim, an interest, legal or equitable; all moneys, effects, or choses in action, in which he may have, or may claim, an interest, legal or equitable, where such property, effects, or choses in action, in which he has, or may claim, an interest, legal or equitable, and where such moneys, effects or choses in action may be found." Section 3547 provides, that, "If from the answer it appears that the defendant has property, real or personal, or an interest in property, real or personal, subject to the payment of debts; or has moneys, effects, or choses in action, or an interest in moneys, effects, or choses in action, subject to the payment of debts, whether such property, moneys, effects, or choses in action, be within or without the State, the court, in term time or in vacation, must make all such orders or decrees as may be necessary and proper to reach and subject such property, moneys, effects, or choses in action, and for that purpose may appoint a receiver with authority to demand, sue for and recover, or otherwise to reduce to possession such property, moneys, effects, or choses in action; and may require the judgment debtor to make to such receiver all conveyances, assignments, or transfers, which may be necessary and proper to enable him to receive, or to sue for and recover such property."

The appellees, Vance & Kirby, obtained judgment in the the court of law, on the 26 day of January, 1893, against the appellants, Sorrell, Hickman, Phil-

lips and Hestor, on a debt contracted by them, as a partnership, under the name of Ellis Hickman & Co. Execution issued on this judgment, and was returned "No property found." On the 3d day of February, 1893, appellees filed in the office of the probate judge of the proper county a certificate of the judgment, in pursuance of the act of the General Assembly of Alabama, approved February 29, 1889, (Acts 1888–89, p. 60), providing for the creation of judgment liens upon the property of defendants; but the same was not registered until the 8th day of February, 1893. The bill is filed for discovery of assets under sections 3545 and 3547 of the Code above copied. There are allegations touching the concealment of partnership assets by the firm of Ellis Hickman & Co., and individual assets by specified individual members of that firm. Thus, it is alleged that "Ellis Hickman & Co. own property in the way of notes, accounts, and other debts owing to them, which they are collecting as fast as possible, and fraudulently concealing and keeping from your orators and their other creditors." It is also alleged that on or about February 6, 1893, they sold, at one sale, to one Conway their stock of goods worth about $1,800 for about $1,500, for the purpose, on their part, of defrauding their creditors, by converting their goods into money, and concealing the proceeds; and that Ellis Hickman received the said proceeds, and he and Hestor are hiding them out, together with all other assets of the firm. It is alleged that complainants are not informed whether Conway, the purchaser, participated in this fraudulent intent or not. It is alleged next that Sorrell owned real estate subject to this debt which, on January 16, 1893, in anticipation of the recovery of complainants' judgment, and to defraud them, he conveyed by mortgage, to secure a recited loan of $950—the full value of the land—to his brother, G. W. Sorrell; and that if he, in fact, received this money, he fraudulently conceals and withholds it from complainants. The same averment is made in reference to G. W. Sorrell's participation in this fraud, as in the case of Conway. Sorrell, the debtor, owns no other individual property. Complainants allege that they know of no property owned by Phillips subject to their demand; but they allege, generally, that among all the respondents there is sufficient property hid out, subject to the

[Sorrell et al. v̇. Vance & Kirby.]

payment of their demand, to pay it, if it can be discov-
ered and subjected; and that they have no property, so
subject, which is not hid out and fraudulently withheld
from the payment of the debt; that by the methods of
conveyance referred to, and fraudulent concealment of
proceeds and other property of Ellis Hickman &. Co.,
and of the partners thereof, and of Wm. M. Sorrell, and
the insolvency of Phillips, complainants do not know
and can not find out upon what property their judgment
lien operates.  The bill prays, in terms, for the specific
relief authorized by the sections of the Code above
copied, and for general relief.

The case comes before us from the decretal order of
the chancellor overruling the demurrers to the bill.  Only
one ground of demurrer is insisted on in the argument
of appellants' counsel, and we will consider no other.
That ground is, substantially, that complainants have
an adequate remedy to enforce collection of their de-
mand without resorting to equity to discover and sub-
ject the assets alleged to be concealed; and the conten-
tion is founded upon the fact shown by the bill that Ellis
Hickman & Co. owned the stock of goods sold to Con-
way, worth $1,800, at the time complainants filed the
certificate of their judgment in the office of the probate
judge, which filing, it is contended, created a lien on
the goods in complainants' favor, enforceable by execu-
tion, which was unaffected by the subsequent sale to
Conway.  It is a well settled principle that if it appears
that the debtor has visible property, sufficient to pay
the debt, which can be reached and subjected by the
ordinary process of levy and sale, equity will not enter-
tain a bill for the discovery of assets concealed, like that
in the present case:—*Lawson v. Warren*, 89 Ala. 584;
*Sweetzer v. Buchanan*, 94 Ala. 574.  Let it be
conceded that the defendants are in a posi-
tion to insist that complainants ought to pro-
ceed to enforce a judgment lien upon property which
they, themselves, have sold and conveyed to another—a
proposition we deem it unnecessary now to consider,
and to which we, by no means, commit ourselves—and
there is, to our minds, no room for argument in support
of appellants' contention.  The act entitled, "An act to
amend an act entitled an act to provide for the registra-
tion and lien of judgments and decrees for the payment

[Richmond & Danville Railroad Company v. Jones.]

of money," approved February 26, 1889, (Acts 1888–89, p. 60), is plain and unambiguous. It is not open to construction. It provides, in terms that can not be misunderstood, that the certificate of the judgment, filed under the act, shall be registered by the judge of probate in a book to be kept by him for that purpose, which register shall also show the date of filing and the name of the owner of the judgment or decree, "*and* every judgment or decree *so filed and registered* shall be a lien upon all the property of the defendant in such county which is subject to levy and sale under execution ; and such lien shall continue for ten years from date of *such registration.* The *registration* of such judgment or decree shall be notice to all persons of the existence of such liens." The italics are ours. There can be nothing clearer than that both filing and registration are essential to the creation of the lien. In the present case, the certificate was not registered until after the sale to Conway, so that, at the time of that sale, there was no lien.

There was no error in the ruling of the chancellor, and his decree is affirmed. The defendants will plead to or answer the bill within thirty days, with authority in the chancery court, or the chancellor in vacation, to extend the time on sufficient showing.

Affirmed.