# Drennen v. Alabama National Bank.

*Bill in Equity for Discovery by Assignee of Judgment Creditor.*

1. *Bill for discovery by assignee of judgment creditor; sufficiency of allegations.*—Under the provisions of the statute giving to a judgment creditor the right to come into equity to obtain a discovery of property fraudulently concealed or conveyed by his debtor, and to have the same reached and subjected to the satisfaction of his debt, (Code of 1886, § 3545-47; Code of 1896, §§ 819-21), a bill by the assignee of a judgment creditor is sufficient to give the court jurisdiction, when, after averring his title, the issue of execution and return no property found, it then charges that the debtor has no visible means subject to legal process, of value sufficient to pay the judgment, but that he has property or interest in property, real or personal, money or effects, or choses in action subject to the payment of said judgment, but the kind and description of the property and how held is kept concealed and hidden out, and is unknown to complainant, and that a discovery by the debtor is necessary to enable complainant to reach and subject it to the satisfaction of his demand.

APPEAL from the City Court of Birmingham, in Equity. Heard before the Hon. W. W. WILKERSON.

The bill in this case was filed by the appellee against the appellant. The averments of the bill are sufficiently stated in the opinion. The defendant demurred to the bill upon the following grounds: "1. That the complainant shows no right to exhibit said bill in its own name. 2. That the bill shows that complainant has a full, complete and adequate remedy at law. 3. That the bill is for discovery and relief, and fails to state and show that the discovery sought is material and indispensable to the relief sought. 4. That the allegations of the bill upon which the right to discovery is predicated are not sufficiently definite, and are mere conclusions of the pleader. 5. That the bill fails to show and state that the facts as to which discovery is sought can not be otherwise proved than by defendant's answer. 6. That the bill does not aver and show with sufficient certainty the existence and materiality of facts as to

[Drennen v. Alabama National Bank.]

which discovery is sought, and fails to show that defendant is capable of making the discovery."

Upon the submission of the cause upon this demurrer, the court rendered a decree overruling it. From this decree the defendant appeals, and assigns the rendition thereof as error.

TILLMAN & CAMPBELL, for appellant, cited *Continental Life Ins. Co. v. Webb*, 54 Ala. 697; *Shackelford v. Bankhead*, 72 Ala. 479; *Sullivan v. Lawler*, 72 Ala. 75; *Wood v. Hudson*, 96 Ala. 471.

MOUNTJOY & TOMLINSON, *contra*, cited *Lawson v. Warren*, 89 Ala. 584; *Sweetzer, Pembrook & Co. v. Buchanan*, 94 Ala. 574.

COLEMAN, J.—The bill was filed by appellee, a judgment creditor of appellant, under sections 3544-3547 of the Code of 1886, (Code of 1896, §§ 818-821). The appeal is prosecuted from the decree of the court overruling respondent's demurrer to the bill. After averring that complainant was the assignee of the judgment, the issue of execution and return of "no property found," it charges that "said Charles Drennen has no visible means subject to legal process, of value sufficient to pay said judgment, but that said Charles Drennen has property or interest in property, real or personal, or money or effects or choses in action, subject to the payment of said judgment, but the kind and description of the property, and how held is kept concealed and hidden out, and is unknown to orator, and that a discovery by respondent is necessary, to enable your orator to reach and subject it to the satisfaction of his said demand," &c.

The demurrer is directed against the bill as a whole, and neither ground raises the specific question, that, construing the pleadings most strongly against the pleader, the averment that respondent "has no visible means subject to legal process," of value *sufficient to pay said judgment*," must be held to be an admission that he has some property subject to legal process, and which must be exhausted before the complainant can resort to a court of equity; nor does either ground raise the specific question argued in appellant's brief, that the bill is defective in that it avers in the alternative that

respondent "has property or interest in property, real or personal, or money or effects," etc. We have held that an accurate description of the property is not required when the creditor seeks to subject to the payment of his debt, property of the debtor under the statute. We are of opinion the averments of the bill are sufficient under the provisions of the statute (Code of 1886, §§ 3545-3547; Code of 1896, §§ 819-821), *supra*, as construed by the decisions of this court.—*Sweetzer v. Buchanan*, 94 Ala. 574; *Lawson v. Warren*, 89 Ala. 584.

Affirmed.