# Moore *v.* Alabama National Bank.

*Bill in Equity by Judgment Creditor for a Discovery.*

1. *Bill for discovery by judgment creditor; sufficiency of allegations.*
Under the provisions of the statute giving to a judgment cred-
itor the right to come into equity to obtain a discovery of prop-
erty fraudulently concealed or conveyed by his debtor, and to
have the same reached and subjected to the satisfaction of his
debt, (Code of 1886, §§ 3545-47; Code of 1896, §§ 819-21), a bill
by judgment creditor is sufficient to give the court jurisdiction,
when, after averring his title, the issue of execution and return
no property found, it then charges that the debtor has no visible
means subject to legal process, of value sufficient to pay the
judgment, but that he has property or interest in property,
real or personal, money or effects, or choses in action subject
to the payment of said judgment, but the kind and description
of the property and how held is kept concealed and hidden out,
and is unknown to complainant, and that a discovery by the
debtor is necessary to enable complainant to reach and subject
it to the satisfaction of his demand.

2. *Chancery pleading and practice; when demurrer to whole bill properly
overruled* —When, in a chancery suit, a demurrer is directed to
the bill as a whole, but one of the grounds of demurrer applies
only to a part of the bill, the demurrer is properly overruled.

3. *Same; interrogatory.*—In a bill for discovery, filed by a judgment
creditor against his debtor who is a public official, an interrog-
atory in which the complainant asks as to the amount of income
received by the defendant as such official, and what disposition
he makes thereof, is not impertinent and illegal, when asked
for the purpose of discovering whether or not the salary so
received was invested, and if so, in what property and in whose
name it was held.

APPEAL from City Court of Birmingham, in Equity.
Heard before the Hon. H. A. SHARPE.

The bill in this case was filed by the appellee against
the appellant, Walter Moore, and averred that the com-
plainant was the owner of a judgment against the de-
fendant, upon which execution had been issued and re-
turned no property found. That said judgment, with
interest and with costs is still due and unpaid. The bill

then avers that said Walter Moore has no visible means subject to legal process, of value sufficient to pay said demands, but that he has property or interest in property or money or effects subject to the payment of said judgment, the kind and description of such property being unknown to the complainant, and that the discovery by said defendant is necessary to enable complainant to reach and subject it to the satisfaction of its said demand.

To the end of obtaining the discovery sought, the bill then contains several interrogatories, asking for a discovery by the defendant of what property, real or personal, or what effects or choses in action he may have and if so, in whom the title to said property stands.

The seventh interrogatory was as follows: "What income have you received as coal oil inspector for this district, and what have you done with it?"

The prayer of the bill asks to have subjected to the payment of the judgment owned by the complainant such property as the answer of the defendant shows belongs to him, and also prays for general relief.

The defendant demurred to the bill upon the following grounds: "*First.* Said bill fails to aver that defendant has within the jurisdiction of this court, any property subject to execution. *Second.* There is no averment that defendant has any property in this State which is subject to levy and sale under execution to satisfy the judgment belonging to complainant. *Third.* There is no averment that the defendant has any property hidden out or concealed within the jurisdiction of this court, which is liable to execution for the satisfaction of the complainant's judgment. *Fourth.* The seventh interrogatory attached to said complaint is impertinent and improper, because it inquires of and concerning the emoluments and salary of a public officer, which is not subject or liable to legal process for the satisfaction of complainant's said judgment. *Fifth.* All the other interrogatories are improper, because they ask concerning property located anywhere, and should be confined to attaining information concerning property within this State."

Upon the submission of the cause upon the demurrer, the court rendered a decree overruling them. From this

decree the defendant appeals, and assigns the rendition thereof as error.

JOHN J. MOORE, for appellant.—This statute furnishes a purely statutory remedy, and must be substantially conformed to, by appellee, before it can obtain the relief sought.—*M. & F. Railway Co. v. McKenzie*, 85 Ala. 187.

A bill for discovery filed by a creditor without a lien, seeking to discover and subject the debtor's property to the payment of a legal demand, must be sworn to, and must allege, 1, that the debtor has not visible means subject to legal process, of value sufficient to pay the demand; and 2, that he has assets subject to legal process, which are liable for his debts, and a discovery of which is sought.—*Lawson v. Warren*, 89 Ala. 584. The principle settled in the case of *Ex parte Hardy*, in so far as it applies to a proceeding of this kind, should control. 68 Ala. 303.

The salary of a public officer is not liable to seizure, and can not be reached in any manner by his creditor, under process of law in this State.—*Pruitt v. Armstrong*, 56 Ala. 306.

MOUNTJOY & TOMLINSON, *contra*, cited *Drennen v. Ala. Nat. Bank*, 117 Ala. 320; *Lawson v. Warren*, 89 Ala. 584; *Sweetzer v. Buchanan*, 94 Ala. 574.

COLEMAN, J.—Appellee, as the owner of a judgment against the appellant, upon which execution issued and returned "no property found," filed the present bill under sections 819–821 of the Code of 1896 for a discovery. In the case of *Drennen v. Alabama Nat. Bank*, 117 Ala. 320, we had occasion to consider a bill in every essential particular similar to the one under consideration, and held that it contained equity and was sufficient under the statute. The authorities are cited in the case. The demurrer in the appeal before us, as in that case, goes to the bill as a whole, and was properly overruled. When one of the grounds of a demurrer applies only to a part of a bill, it should be taken to such particular part, and should not be directed against the bill as a whole. Some of the grounds of the demurrer assigned are not borne out by the averments of the bill.

It is insisted that the seventh interrogatory of the bill propounded to the respondent is impertinent and illegal. If the interrogatory be objectionable for the reason assigned, the objection is not available by demurrer to the bill as a whole. We are of opinion that the purpose of the interrogatory is not to intercept the salary of a public officer, as argued by counsel, under the case of *Pruitt v. Armstrong*, 56 Ala. 306, but to discover whether, after receiving the salary, the same has been invested, and if so in what property and in whose name it is held. We find no error in the record.

Affirmed.