# Etheridge Bros. *v.* Swann-Abrams Hat Co., *et al.*

### *Bill for Discovery.*

(Decided June 7, 1906. 41 So. Rep. 465.)

*Creditors Suits; Discovery of Assets; Parties; Nature of Claim.*— The fact that some of the claims of some of the creditors were in the shape of notes with waiver of exemptions as to personal property does not render the court unable to grant relief under §§ 819, 820, Code 1896.

APPEAL from Conecuh Chancery Court.

Heard before HON. W. L. PARKS.

Action by the Swann-Abrams Hat Company and others against Etheridge Bros. and others. From a judgment for plaintiffs, defendants appeal.

HAMILTON & CRUMPTON, for appellant.—As to the law governing the requirements of a bill of discovery attention is directed to the following cases: *Pollack v. Clafflin Co.,* 138 Ala. 644; *M. & F. R. R. Co. v. McKenzie,* 85 Ala. 551; *Shackelford v. Bankhead,* 72 Ala. 476.

JAMES F. JONES, for appellee.—The first ground of demurrer is general and properly overruled.—§ 700, code 1896; *Dickerson v. Winslow,* 97 Ala. 491; *Pate v. Henson,* 104 Ala. 599; *George v. R. R. Co.,* 101 Ala. 612. The bill contains every allegation necessary in bills of this character.—*Drennan v. Ala. Nat. Bank,* 117 Ala. 310; *Sorrell v. Vance,* 102 Ala. 207; *Sweetzer v. Buchanan,* 94 Ala. 574; *M. & F. Ry. Co. v. McKenzie,* 85 Ala. 540. The fact that no interrogatories were incorporated with the bill does not render it subject to demurrer.—*McKissack v. Voorhees,* 119 Ala. 101. That complainant had an adequate remedy at law must be taken advantage of by plea and not by demurrer.—*Dunn v. Timberlake,* 104 Ala. 266. A demurrer good in part only should be overruled.—*Goodwin v. Whitehead,* 95 Ala. 409.

SIMPSON, J.—The bill in this case was filed by appellees (complainants) against appellants, alleging that the defendants were indebted to complainants severally, in various amounts by accounts and notes, some of the latter containing waiver of exemptions. The bill alleges that the defendants have no property subject to legal process, but have large sums of money and other property, unknown to complainants, which they are concealing, etc., and prays for the ascertainment of the amount due each of said complainants, and that judgment or decrees be rendered for the amounts so found to be due, and that defendants be required, under oath, to disclose all property, real, personal, and mixed, including choses in ac-

[Harris, *et al.* v. Stevenson.]

tion, owned by them, etc. The appeal is from the decree overruling demurrers and the motion to dismiss for want of equity.

Section 819, code of 1896, provides that a judgment creditor, "or a creditor without lien or judgment," may file a bill for the discovery of assets. Section 820 authorizes any number of creditors to join as complainants in such a bill.—*McKissack v. Voorhees, Muller & Co.*, 119 Ala. 101, 24 South. 523. The bill is mainly for the discovery of assets, and the fact that some of the claims contain waiver of exemptions does not render the claims so incongruous as to render it beyond the power of a court of equity to grant the relief prayed, as the court can so mold the decree as to meet the requirements of the law. Similar proceedings under these statutes have been frequently sustained by this court.—*M. & Fla. Ry. v. McKenzie*, 85 Ala. 546, 5 South. 322; *Sweetzer, P. & Co. v. Buchanan*, 94 Ala. 574, 10 South. 552; *Drennen v. Ala. Nat. Bank*, 117 Ala. 320, 23 South. 71; *Sorrell v. Vance*, 102 Ala. 207, 14 South. 738; *Kinney v. Reeves*, 142 Ala. 604, 39 South. 29.

The decree of the court is affirmed.

TYSON, ANDERSON, and DENSON, JJ., concur.